SHEDD *v.* FULLER *et al.*

*(Circuit Court, N. D. Illinois.* November 5, 1888.)

REMOVAL OF CAUSES—PROCEDURE—FILING PETITION AND BOND WITH CLERK.
Under the act of congress for the removal of causes, (March 3, 1887,) providing that a party desiring to remove a suit from a state court to a circuit court of the United States shall file his petition and bond in the state court, a filing of the petition and bond with the clerk of the state court is not sufficient, as the court itself has a right to pass upon them, and the cause will be remanded.

On Motion to Remand. ·

Action by Charles B. Shedd against J. Ensign Fuller and others, commenced in the state court, and removed by defendants to the circuit court of the United States, by filing a petition and bond with the clerk of the state court. Motion by plaintiff to remand.

*Capt. Prescott,* for plaintiff.

*G. Driggs,* for defendant.

GRESHAM, J., *(orally.)* The counsel for one of the defendants in this suit presented to the clerk of the state court, in which the suit was pending, a petition and bond in the usual form, for its removal to this court, and upon the request of the counsel he was furnished by the clerk with an authenticated copy of the record, which was filed in this court. It is admitted that the petition and bond were not presented to the state court for its action. The removal act of March 3, 1887, as well as the prior acts upon the same subject, provides that a party desiring to remove a suit from a state court to a circuit court of the United States shall file his petition and bond in such suit in the state court, when it shall be the duty of that court, if the petition and bond be sufficient to satisfy the statute, to accept both, and proceed no further in the case. The right of removal is purely statutory, and the jurisdiction of the state court remains undisturbed until a proper petition and bond are presented to that court for its judicial action. It is not sufficient to present the petition and bond to the clerk, who is the court's mere ministerial officer. While it is clear that the right of removal does not depend upon the action or non-action of the state court, it is equally clear that the state court cannot be deprived of its right to decide for itself upon the sufficiency of the petition and bond. The presentation of a proper petition and bond to the state court for its action is a jurisdictional prerequisite. *Stone* v. *South Carolina,* 117 U. S. 430, 6 Sup. Ct. Rep. 799. Motion to remand sustained.