BROWN v. MURRAY NELSON & Co. et al.

(*Circuit Court, S. D. Iowa, W. D.* October 20, 1890.)

1. REMOVAL OF CAUSES—APPLICATION—REMAND.
   Where a proper bond and petition have been filed in the state court, the omission to ask that court to act on the petition is no ground for remanding the cause, especially where no term of the state court intervenes between the filing of the petition and the motion to remand, and the judge of that court has refused to consider the petition until the court is in session.

2. SAME—CITIZENSHIP—NOMINAL PARTIES.
   Where the controversy is between the complainant and the removing defendant, who are citizens of different states, the fact that there are other defendants, citizens of complainant's state, does not prevent the case from being removable, where the interest of one of such co-defendants is identical with that of complainant, and the other co-defendants are merely nominal parties.

In Equity. On motion to remand.
*Willard & Willard* and *L. L. Delano*, for complainant.
*Berryhill & Henry* and *R. G. Phelps*, for defendants.

SHIRAS, J. From the record in this cause it appears that in November, 1889, Murray Nelson & Co., a corporation created under the laws of the state of Illinois, entered into a written contract with C. E. Myers & Co., citizens of the state of Iowa, doing business at Atlantic, Iowa, in regard to the purchasing, cribbing, shelling, and forwarding a large quantity of corn, the said Murray Nelson & Co. agreeing to advance the money needed to make the purchase of said corn, the quantity to be purchased not to exceed 100,000 bushels; that on the 12th day of May, 1890, said C. E. Myers & Co., in writing, assigned the said contract and all rights thereunder to Theodore H. Brown, a citizen of Iowa; that dis-

putes arose between said Murray Nelson & Co. and said Brown as to their rights under said contract; that the present bill in equity was brought by said Brown in the district court of Audubon county, Iowa, to settle the rights of the parties, and for an accounting, it being averred that said Murray Nelson & Co. and their agent W. L. May were about to remove from Iowa the balance of the corn not previously shipped to Chicago; that the issuance of an injunction pending suit was prayed for, and also the appointment of a receiver; that a preliminary writ of injunction was granted by one of the judges of the state court, and the application for the appointment of a receiver was set down for hearing after notice to the defendants, such hearing to be had at the court-house in Atlantic, August 25, 1890, with leave to both parties to submit evidence orally or by affidavits; that on the 23d day of August, 1890, there was filed in the office of the clerk of the district court of Audubon county in said cause a petition for the removal of said case to the United States court, with a bond in proper form; that on the 25th day of August, 1890, the petition for removal was submitted to the judge of said Audubon county court, at the time and place set down by him for hearing the application for the appointment of a receiver; that said judge held that he, as judge of said court, had no authority to receive or act upon said petition for removal, and ordered that said petition and bond be returned for presentation to the district court of Audubon county, Iowa; that thereupon said Murray Nelson & Co. procured a certified transcript of all papers and pleadings filed in said cause, and filed them in this court on the 22d day of September, 1890; that the term of court in Audubon county to which the notice served therein was returnable begins on the 14th day of October; that the amount involved in the controversy exceeds $2,000; and that on the 29th day of September, 1890, the complainant, Theodore H. Brown, filed in this court a motion to remand the case to the state court.

The first ground urged in support of the motion to remand is that the petition for removal has not been presented to the state court for its action thereon, which it is claimed is a prerequisite to the attaching of the jurisdiction of this court. Counsel cite the case of *Stone* v. *South Carolina*, 117 U. S. 430, 6 Sup. Ct. Rep. 799, as an authority for this position. That cause came before the supreme court on a writ of error to the supreme court of South Carolina, and presented the question whether the petition for removal filed in the state court showed upon its face that the right of removal existed. The supreme court of the United States held that—

"A state court is not bound to surrender its jurisdiction of a suit on a petition for removal until a case has been made which on its face shows that the petitioner has a right to the transfer. *Yulee* v. *Vose*, 99 U. S. 539, 545; *Removal Cases*, 100 U. S. 457, 474. It is undoubtedly true, as was said in *Steam-Ship Co.* v. *Tugman*, 106 U. S. 118, 122, 1 Sup. Ct. Rep. 58, that upon the filing of the petition and bond, the suit being removable under the statute, the jurisdiction of the state court absolutely ceases, and that of the circuit court of the United States immediately attaches; but still, as the right of removal is statutory, before a party can avail himself of it, he must show

upon the record that his is a case which comes within the provision of the statute."

This opinion, read in connection with the authorities cited therein, declares the rule to be that, if the petition for removal, taken in connection with the record of which it becomes part, shows upon its face that the cause is one removable under the provisions of the statutes of the United States, then the filing of the petition and bond terminates the jurisdiction of the state court, and causes that of the United States court to attach to the cause. The state court has the right to decide for itself whether the record shows that its jurisdiction has been terminated, and the United States court, in like manner, has the right to decide for itself, when a transcript of the record is filed, whether the record shows that its jurisdiction has attached. Both courts in this matter proceed at their peril, but the rule given us by the supreme court of the United States is that if, upon the filing of a petition for removal and the requisite bond, the record of the case shows that it is a removable cause, then, upon the filing of the petition and bond, the jurisdiction of the state court ceases, and that of the United States court attaches to the case. It is not the presentation of the petition and bond to the court in open session that terminates the jurisdiction, but the filing the same, so that the same become part of the record of the particular suit. As a matter of correct practice, not, however, as affecting the jurisdiction, it is due to the state court that the party seeking the removal should in due season present the petition for removal to the state court, and invoke its consideration thereof, for it might be that the court might proceed in the cause without actual knowledge of the fact that its jurisdiction had been attacked. Under the provisions of the act of congress, it is made the duty of the party seeking the removal of a case to file the transcript at the next ensuing term of the circuit court. In this case the term of the United States court began at Council Bluffs on September 22d, which was before the opening of the term of the district court in Audubon county; and hence the party seeking the removal was required to file the transcript in this court by that day, which was done. It also appears that, upon the day set for the hearing of the application for the appointment of a receiver, the fact of the filing of the petition for removal and the accompanying bond was brought to the attention of the judge, who declined to consider it until the court was in session in Audubon county. Counsel certainly did in this respect all that could be required of them. When the term of this court opened, September 22d, the transcript was filed in this court, as required by the statute; and thereupon complainant, through his counsel, appeared in this court, and on the 29th of September moved to remand the case to the state court. When the motion to remand was filed, the session of court in Audubon county had not commenced, and no laches in any particular could be imputed to the party seeking the removal of the cause. If, therefore, the record shows upon its face that the cause is a removable one, then the motion to remand is not well taken.

As already stated, the complainant was when the suit was brought, and

the removal was petitioned for, a citizen of Iowa, and Murray Nelson & Co. was a corporation created under the laws of Illinois. C. E. Myers & Co. are named as defendants, but their interest is identical with that of complainant, the controversy in the case being between C. E. Myers & Co. and Theodore H. Brown, on the one hand, and Murray Nelson & Co., on the other, between whom the requisite diversity of citizenship is shown to exist. W. L. May is declared against merely as the agent of the corporation. No relief is asked against him, and it clearly appears that he is purely a nominal party; and the same is true of the remaining defendants, Bell, Dimmick, and Nutter. Their names appear in the caption of the bill, but they are not otherwise named or mentioned, and hence there is nothing appearing on the face of the record showing that they have any interest in the controversy. Being merely nominal parties, their presence does not affect the jurisdiction over the actual controversy involved. *Wood* v. *Davis*, 18 How. 467; *Bacon* v. *Rives*, 106 U. S. 99, 1 Sup. Ct. Rep. 3. In the bill filed, it is averred, not only that Murray Nelson & Co. is an Illinois corporation, but also that it is a non-resident of Iowa, so that it appears upon the face of the record that the petitioning corporation is not only an Illinois corporation, but that it is also a non-resident of Iowa. The motion to remand is overruled.