MONROE et al. v. WILLIAMSON et al.

(Circuit Court, W. D. Arkansas. August 7, 1897.)

REMOVAL OF CAUSES—PROCEDURE—FAILURE OF STATE COURT TO ACT ON PE-
TITION.

Where a petition and bond for removal of a cause to the United States
circuit court are duly and in apt time filed in the proper clerk's office of a
state court in vacation, and afterwards on a day of the term of that court,
and when court was open, and the presiding judge on the bench, and a peti-
tion is presented to him as at chambers for an injunction and receiver in the
same case, whereupon counsel for the defendants, who had filed the petition
and bond for removal to the United States circuit court, informed and ad-
vised the judge that the petition and bond had been filed, and offered to pro-
duce same, that the court and opposing counsel might inspect them, and in-
sisted that the court could not proceed further with the cause, and thereupon,
at the suggestion of opposing counsel, proceeded to state the facts contained in
the petition, and to name the surety on the removal bond, which facts were
accepted by the court and opposing counsel as true, and the fact conceded
that the petition showed on its face a cause removable under the statute, and
the bond sufficient and in proper form: *Held* that, upon such facts being
brought to the attention of the court in the manner stated, the jurisdiction of
the state court eo instanti ceased, and the jurisdiction of the United States
circuit court immediately attached, notwithstanding the state court made no
order, and took no action relating to the removal; and the petitioner had a
right to procure and file a copy of the record in the United States circuit court,
upon filing which the United States circuit court could proceed with the
case as if it had been originally brought in that court.

Hill & Brizzolara, for plaintiffs.
Ira D. Oglesby, for defendants.

ROGERS, District Judge. Alexander Monroe and S. N. Lee, on
the 14th of June, 1897, filed a complaint in equity in the circuit
court of Crawford county, Ark., against John D. Williamson and
William B. Strang, Jr., and caused process to issue, returnable to the
next November term of that court, which process was on the follow-
ing day duly served on both the defendants. The object of the bill
was to dissolve and settle a partnership between all the parties to the
suit, and incidentally for an injunction and a receiver to take charge
of a large fund in one of the banks at Ft. Smith, Ark., in the ad-
joining circuit, and to collect other assets of the firm, to be disposed
of under the order of the court. On the 17th of July—three days
after the bill was filed—plaintiffs filed a petition with the judge of
that circuit at Paris, in Logan county, in that circuit, asking the
appointment of a receiver and a restraining order. Prior to the
filing of the bill in the Crawford circuit court, a bill in equity had
been filed in this court, and an injunction granted, and receiver ap-
pointed, who had qualified, and taken possession of the moneys in the
Ft. Smith bank. Plaintiffs' petition for receiver alleged that this,
the circuit court of the United States for the Western district of
Arkansas, was without jurisdiction of the cause, and alleged that
plaintiffs had given notice that they would, on the 19th of July, appear
specially in this court, and move to quash the service of process, and
discharge the receiver; and alleged that it was important that a re-
ceiver be appointed to take charge of the moneys in the hands of the

receiver appointed by this court, when he was discharged, as well as other assets which said receiver had not reduced to his possession. On the 17th of July, while the petition for a receiver was being heard at Paris, in Logan county, Ark., before the judge of that circuit at chambers, the judge received a telegram that on the bill of one of the defendants, filed in the state circuit court in the adjoining circuit, the judge of that circuit had appointed a receiver, whereupon the hearing was adjourned to July 20, 1897, at Van Buren, in Crawford county. The Crawford circuit court had been adjourned to that day. On July 19th the counsel for the defendants, in the case in the Crawford circuit court, filed the petition and bond of the defendants for the removal of that case into this court. No question is made as to the form or sufficiency of the bond, or the form or facts stated in the petition, except as stated hereafter. On the 20th of July the plaintiffs and the defendants appeared by their respective counsel, and the petition for the receiver was heard. The judge made the following order:

"Come plaintiffs by their attorneys, Hill & Brizzolara, and defendants, by their attorney, Ira D. Oglesby, and the judge hearing a continuance of the application for receiver herein doth, after hearing argument of counsel, refuse to appoint a receiver, and refuse to continue further this application, and dismisses said application without prejudice to any future application which may be made.

"7/20/1897.                      J. H. Evans, Judge 15 Judicial Circuit."

On the 29th of July, 1897, the defendants' counsel caused to be filed in this court a transcript of the record of the Crawford circuit court, and two days thereafter the plaintiffs filed their motion in this court to remand the cause to the Crawford circuit court for the following reasons: (1) That the petitions for removals are insufficient, and fail to show removable grounds. (2) That the petition and bond have not been presented to the Crawford circuit court, and have not in any way been acted on by said court. That the petitions and bonds have been filed before the clerk of said court in vacation, and at the request of counsel for the defendants the clerk of that court has made a transcript of the papers in his office in the above-styled cause, and sent the same to this court. The said case and petitions and bonds have been filed with the clerk, and not acted upon by him other than to make out a transcript at request of defendants' counsel, and the next term of Crawford circuit court will convene on the third Monday in November. (3) That the case is not removable to this court, it being a case which was not originally cognizable in this court, and cannot be removed here for that reason.

In support of the motion plaintiffs filed the affidavits of Joseph M. Hill and J. H. Evans, which affidavits are in words and figures as follows, respectively, to wit:

"I, Jos. M. Hill, do upon oath state: I am one of the attorneys for the plaintiffs in this action. I was present before Judge Evans in Van Buren on the 20th of July, 1897, when we had an application for receiver pending before him. The hearing of said application had been continued from Paris, Ark., where it begun on the 17th, to Van Buren, by the judge, he informing us at Paris that he was to go to Van Buren on the 20th for the purpose of closing the June term of court there, signing the records, etc. I understood that the business of the court at Van Buren was completed, and formal matters only were to be

concluded there, and the hearing there was before him as at chambers. Mr. Oglesby had previously filed the petitions with the clerk, the court not being in session when they were filed. The argument was upon the application for the appointment of a receiver, and I asked a continuance of the application. Mr. Oglesby resisted it upon two grounds: First, that Judge Bryant had appointed a receiver in a case between these parties; and, secondly, that his application for removal had, eo instanti, taken jurisdiction from the Crawford circuit court. The petition for removal was not before us and not before the judge, Mr. Oglesby having had it sent to him at Fort Smith; but he stated the substance of it. I did not understand that Mr. Oglesby asked the judge or the court to then remove the case, but argued that the filing of the petition and bond of themselves removed the case. Judge Evans indicated that, if he thought the case was removable at that time, that he would then docket it, as he was holding a day of that court, and act upon it, but, as he understood the matter, it would come up before him at the November term of the court, and he would then act upon it; and that the only matter before him was the application for receiver and my motion to continue the hearing of that; and he denied the continuance, and declined to grant the receiver. I understood that Mr. Oglesby acquiesced in that procedure, and did not claim or insist in any way that the court should act upon it; his argument being that the filing of the petition and bond divested the court of further jurisdiction; and Judge Evans, not considering that that question would come before him till November, took no action in the matter whatever, and the petition was not there, and was not presented to the judge or to the court. This is my understanding, exactly, of the way the matter was disposed of before Judge Evans. There was no court in session at Van Buren on the 17th or 19th of July, and the case has not been docketed upon the court records of the June term, and was not entered upon the judge's docket, and merely remains with the clerk as other cases returnable to November term."

"I am the presiding judge of the circuit court for Crawford county, Arkansas, and was such judge on the 17th and 20th days of July, 1897. On the first-named day, to wit, July 17th, 1897, at the court house in Paris, Logan county, Arkansas, at chambers, I heard the application of the plaintiffs in Monroe & Lee v. Williamson and Strang, Jr., pending in the Crawford circuit court, for the appointment of a receiver in said cause. The hearing was to begin at noon, but immediately after noon I was advised by Col. Oglesby, attorney for defendants, that he was not ready, as he had some papers to prepare. Some time between two and three o'clock of that day both Mr. Hill, for plaintiffs, and Mr. Oglesby, for defendants, appeared before me on said application, Mr. Oglesby insisting on a postponement of a hearing of the application, and Mr. Hill resisting it. During the argument I was advised that bond and petition for the removal of the cause to the federal court at Fort Smith had been filed by defendants with the clerk of the circuit court at Van Buren, Crawford county, at 3 p. m. on that day. I was also advised by Mr. Oglesby that he had just received information that Judge Bryant, at Fort Smith, at 3 p. m. on that day, had made an order appointing a receiver in the cause pending in the Sebastian circuit court for the Fort Smith district between some or all the same parties. Mr. Oglesby remarking that he supposed that ended the matter then before me. Mr. Oglesby also, before this last information, filed with me, as judge, petition and bond for removal of cause to the U. S. court at Fort Smith, Arkansas. Upon the consideration of all the matters presented to me, I concluded to grant Judge Oglesby's request for a postponement of the hearing of the application for a receiver, and announced that I would adjourn the hearing to the court house at Van Buren, Arkansas, and resume it there on the morning of July 20th, 1897, as I was compelled to be there, and hold a day of the Crawford circuit court; and thereupon I did so adjourn the hearing until the time and place named above. On July 20th, at 7:30 a. m., I convened the Crawford circuit court, pursuant to the order of adjournment of said court made on July 2nd, 1897. Just about 8 o'clock, or a little after, while court was in session, and while I was on the bench as judge thereof, Mr. Hill and Mr. Oglesby appeared. As I was not engaged in the trial of any matter in court at the time, I announced that I was ready to proceed with the hearing of the application for receiver in the Monroe, Lee, Strang, Jr., etc., case. Mr. Hill thereupon asked a continuance of the hearing until he could make application for a

writ of prohibition from the supreme court against Judge Bryant. Mr. Oglesby objected to the continuance of the hearing, but asked that the application for receiver be disposed of then by me. I stated that the papers left with me by them on Saturday, and among them the petition and bond for removal filed by Mr. Oglesby with me, would be in on the evening's mail, as I had so ordered, having left home and forgotten them. One of the points of objection to a continuance made by Judge Oglesby was that a petition and bond for removal had been filed, and the court and judge were without authority to do anything except make an order of removal. Mr. Hill insisted that no proper petition for removal had been filed, and the powers and duties of the judge and of the state court upon filing petition and bond for removal were discussed by both Mr. Hill and Mr. Oglesby as weighing in favor of or against the application of Mr. Hill for a postponement of the hearing of the application for a receiver. No other matter except this application for postponement of the hearing for appointment of receiver was before me in this cause at Van Buren. I was not asked to make any order in regard to the transfer, and did not refuse or decline such request. Mr. Oglesby insisted that the filing of bond and petition eo instanti operated as a removal, and that the federal court was the tribunal to determine the right or wrong of the transfer. Mr. Hill insisted that in cases like this the state court and judge were not eo instanti ousted of jurisdiction, and contended that this petition did not state a cause for transfer. I, during this discussion, asked for the bond and petition filed with the clerk, and was furnished with the bond, but was advised that the petition was in Judge Oglesby's office. Mr. Oglesby stated that he could give its substance, which he proceeded to do, which statement was treated by me and Mr. Hill as correct. Mr. Oglesby, in stating the contents of the petition, showed that all the parties were nonresidents of the state of Arkansas, none of them residing in the Western district of this state, but were residents elsewhere. I did not understand Mr. Oglesby to contend that the U. S. court had jurisdiction of a cause on the ground of diverse citizenship stated by him in the petition, but that it did have jurisdiction to enforce a lien upon a fund in a case of diverse citizenship such as was stated in the petition whose contents had been repeated to me, but that no personal judgment could be obtained. Mr. Hill contended that the suit in Crawford circuit court was not to enforce a lien upon any fund, and that no cause of removal was shown. All this discussion occurred on the proposition of Mr. Oglesby that the filing of petition and bond for removal eo instanti operated as a removal of the cause, and in considering whether or not I should further postpone the hearing of the application for appointment of a receiver in the cause. I was not asked or desired to make any order of removal. What I was asked to do on one side was to continue the hearing, and on the other to refuse to continue. By Mr. Oglesby it was insisted I had no power to continue or to do anything, when the petition for removal and bond were filed, except to order a transfer of the cause; that I had the power to do that, but that it was not necessary that I should order the cause transferred, because eo instanti the cause was transferred upon filing petition and bond. Mr. Hill contended that I had the power to pass on the petition; that the judge could act even when the court was prohibited from acting; and, finally, that this was not a case for transfer, for the reason that it was not a suit to enforce a lien, nor was it a case where one of the parties was a nonresident of the state and defendants, or one of them, a resident of the Western district of Arkansas, and that in this case the cause was not eo instanti removed by filing petition and bond. After this logomachy had ceased, I said, in substance: The federal tribunal is the proper court to pass upon the right of transfer when a transfer is asked in a petition setting forth a cause transferable upon the face thereof; that upon filing bond and a petition making prima facie a case for transfer that the duty of the state court was to order the cause transferred, and leave the determination of the right of trans' ·· to the federal tribunal, which would remand if improperly sent to it; that in this case it was not necessary that I should determine whether the case was one for transfer or not, as that was for the court, and not the judge; that if it was asked, and I was satisfied that a prima facie cause for transfer was shown, as the court was open, I could order the cause docketed and transferred; that when this case came on at the November term of court, if still in court, I would pass on the petition to transfer, if desired; that sitting as judge I was considering the question of the postponement of application for receiver and giving my reasons therefor

I refused the application of Mr. Hill to postpone, and denied the application for receiver. Mr. Hill prepared, at Mr. Oglesby's suggestion, the order in pencil, which I signed, and gave to the clerk to be put with and attached to the other papers in the case when they should come in on the mail in the afternoon, as I had ordered done from my home, since I had forgotten to carry them with me. I made no order on the docket and none on the record in this cause. I was sitting at chambers in this case pursuant to the order of adjournment at Paris on the 17th of July. The reason I did not indorse my order on the petition for appointment of receiver was because I had forgotten to bring the petition from my home at Paris. These proceedings were had before me sitting at chambers in the circuit court room at Van Buren, while the Crawford circuit court was regularly open for the transaction of any business that might come before it; and I was at the time present in the court room as the presiding judge of the court, and the clerk and sheriff of the court were present discharging their functions as officers of the Crawford circuit court. I did not deny, or refuse, or decline, or fail to act upon the application for removal of the cause. I did not consider the application except as I have said. I was not asked to pass upon it, and did not decline, fail, or refuse to do so as either court or judge."

And the defendants filed the counter affidavits of Ira D. Oglesby and W. P. Sadler, which are in words and figures as follows, respectively, to wit:

"This day personally appeared before me, clerk of the circuit court of the United States for the Western district of Arkansas, Ira D. Oglesby, who, being duly sworn, on oath states: That he is now, and was from the time plaintiffs brought suit in this court, attorney for J. D. Williamson and W. B. Strang, Jr.; that on the 17th day of July, 1897, he filed with the clerk of the circuit court of Crawford county, in which court this cause was then pending, petition, affidavit, and bond for the removal of this cause to this court. Believing that the petition and affidavit for such removal was defective, he filed, on the 19th day of July, 1897, additional and amended petition, properly verified, together with proper bond, for the removal of the said cause to the said U. S. circuit court for the Western district of Arkansas, which affidavit and amended petition and bond is set out in the transcript filed in this court on pages ———. Affiant further states that on the 17th day of July, 1897, plaintiffs in this cause made application before the judge of the circuit court of Crawford county for the appointment of a receiver, which application was by the said judge postponed until the 20th day of July, 1897. Affiant further states that on the 20th day of July, 1897, the circuit court of Crawford county being then in session, the Hon. Jeptha Evans, judge thereof, presiding, this affiant, as attorney for the defendants, in open court called the attention of the court to the fact that he had filed proper petition, affidavit, and bond for the removal of this cause to the U. S. circuit court aforesaid. At this time the said court was open, and the said judge on the bench, presiding. At that time, the petition aforesaid not being with the papers, it having been, after being filed, sent by the clerk of the court to affiant's office, and by him inadvertently left at said office, he stated to the court and counsel for plaintiffs that if either wished to see the petition before the cause proceeded further he would send at once and get it, to which Jos. M. Hill, attorney for plaintiffs, in open court, and before the said judge, stated, in substance, that it would be unnecessary, that affiant could state the facts set forth in the petition. Thereupon affiant stated that the petition was duly sworn to by him as attorney for defendants, and that it recited that the principal amount in controversy between plaintiffs and defendants, exclusive of interest and costs, exceeded the sum of $2,000; that both the plaintiffs were at the commencement of the suit, and still were, citizens and residents of the state of Kansas,—one residing in Lawrence, Kansas, and the other sometimes at Kansas City, Mo., and sometimes at Lawrence, Kansas,—and that both were nonresidents then and at the commencement of the suit of the state of Arkansas; and that both of the defendants were at the commencement of the suit, and still were, nonresidents of Arkansas, and that the said J. D. Williamson was at the commencement of the suit, and still was, a citizen and resident of the state of New York, and the defendant W. B.

Strang, Jr., was at the commencement of the suit, and still was a citizen of New York, but residing in the state of Georgia; that petition asked for the removal of the cause to the U. S. circuit court for the Western district of Arkansas, and tendered proper bond.    Thereupon the said Jos. M. Hill, attorney for plaintiffs, stated to the court that it would be unnecessary to send for the petition, in which the court acquiesced.    The said Hill then stated to the court that the petition presented proper cause for removal if it was a cause that was removable under the United States statutes, but denied that the cause was removable.    Thereupon he asked the court to continue the application for a receiver, which was then pending, until some future time, in order to obtain a writ of prohibition from the supreme court of the state of Arkansas. Affiant, as attorney for defendants, stated to the court that he had presented and filed a sufficient petition and bond for the removal of the cause to the said United States court, which petition is shown on page ——— of the record hereto, being the same to which the court's and counsel's attention had been called, and the one which the counsel for plaintiffs admitted presented good ground for removal, if it was a removable cause.    But the said counsel, Jos. M. Hill, argued before the court that, since both the plaintiffs and the defendants were nonresidents of the state of Arkansas, and since the plaintiffs could not have sued the defendants in the U. S. circuit court for the Western district of Arkansas, that the petition did not present a removable cause, and that the court should hear his application for a continuance of the motion and petition for a receiver.    Affiant argued before the said judge, who was then on the bench, and court being in open session, that the cause was removable, notwithstanding neither the plaintiffs nor defendants resided in the Western district of Arkansas, and that the only action the court could take was to transfer the said cause to the said U. S. circuit court, and asked that such transfer be made. After much discussion pro and con between affiant and said attorney, Jos. M. Hill, the said judge stated substantially as follows: That as the Crawford county circuit court was then in session, that he could and would make an order removing the cause, if he thought it was a cause removable under the statutes, but declined to make such order at that time, notwithstanding affiant urged upon him that all the court could do was to either grant the order or refuse it.    Neither the court nor counsel for plaintiffs made any point upon the fact that the petition for removal had been, after being filed, sent to affiant's office, and in response to the question of affiant as to whether or not they desired postponement of the matter until he could send and get petition, said that it was unnecessary, that affiant could state the contents of the petition, which would be accepted by the court and counsel for plaintiffs as a correct statement of its contents, the same as if petition was there.    The said court having declined to enter an order transferring the said cause, and the said court having adjourned after affiant had presented the petition and bond aforesaid, and after asking for transfer of the said cause, affiant, as attorney for defendants, procured certified transcript of the record of said cause, and had the same filed in this court on July 29th, 1897, which record is herewith presented, and the cause asked to be docketed upon the docket of this court that further proceedings may be had in accordance with law."

"Before me, clerk of circuit court of Crawford county, this day came W. P. Sadler, who on oath states that he is now, and has been since July 1, 1897, and prior thereto, deputy circuit clerk of Crawford county, Ark.; that the regular June term of said court began on June 21, 1897, and continued in daily session until July 2, 1897, when it adjourned to July 20, 1897; that on the morning of July 20, 1897, the said court was duly opened by the sheriff of said county, present and presiding Hon. Jeptha Evans, judge thereof; that affiant was in the court room while the said court was in session, and while Judge Evans was presiding, and heard the discussion between Ira D. Oglesby, attorney for defendants, and J. M. Hill, attorney for plaintiffs, in above cause; that he does not remember all that was said or took place, but remembers that Ira D. Oglesby, attorney for the defendants, stated to the court that the defendants had filed a proper petition and bond for the removal of this cause to the U. S. circuit court at Fort Smith, Ark., and that the jurisdiction of this court ceased with the filing of this petition, except to make an order transferring the said cause to

said court; and that, if the court refused to make such order, he would file a certified copy of the transcript in said U. S. court, and have the cause proceeded with there. Jos. M. Hill, for plaintiffs, contended that the court could consider the question as to whether it was or not a removable cause, but whether or not he contended that it was such a cause as could not be removed I do not remember. All of this took place in open court, and while Judge Evans, the judge of said court, was presiding. The said judge made no order refusing the petition to remove, and afterwards made the order shown in the transcript in this cause, page 18."

The following facts deducible from the affidavits in support of the motion are not in dispute: (1) When the petition for the appointment of a receiver was heard at Van Buren on the application of the plaintiffs, on the 20th of July, 1897, the Crawford circuit court was in session. (2) The judge treated the hearing as at chambers. (3) That during the discussion of the petition for receiver, the judge, on a day that he was holding the Crawford circuit court, was advised by defendants' counsel of the filing of the petition and bond for removal in that court on the previous day, and of the contents thereof, and that it was insisted by defendants' counsel that his application for removal had eo instanti taken jurisdiction from the Crawford circuit court. (4) That the judge, in disposing of the matter, indicated that, if he thought the case was removable at that time, he would then docket it, as he was holding a day of that court, and act upon it; but, as he understood the matter, it would come up before him at the November term of the court, and he would then act upon it. The above facts appear in the affidavit of plaintiffs' attorney, and are corroborated by the official statement and affidavit of Judge Evans.

The following facts are deducible from the affidavits opposing the motion, and not disputed: (1) That on the 20th of July, 1897, the circuit court of Crawford county, being then in session, Judge Evans, the judge of that circuit, presiding, Ira D. Oglesby, as attorney for the defendants, in open court, called the attention of the judge to the fact that he had filed a petition, affidavit, and bond for the removal of this cause to the circuit court of the United States for the Western district of Arkansas; that the judge was informed that the petition was not in court, but at his office, and that, if he or opposing counsel desired to see the petition before the cause proceeded further, he would send at once and get them; that plaintiffs' counsel stated it was not necessary, that defendants' counsel could state what facts were set forth in the petition, which was done, and this was acquiesced in by them. The facts stated by plaintiffs' counsel appear in his affidavit, supra. (2) That after the facts stated in the last paragraph occurred, the Crawford circuit court adjourned, and defendants' counsel then procured and filed a transcript of the case in this court.

The petition of removal shows that the matter in dispute exceeds $2,000, exclusive of interest and costs; that the plaintiffs were, when the suit commenced, citizens of the state of Kansas, said plaintiff Monroe residing at Kansas City, Mo, or Lawrence, Kan., and said Lee at Lawrence, Kan.; that defendant Williamson was, at the commencement of the suit, and still is, a citizen of the state of New York, and of no other state, and residing in the city of New York, in said state; that W. B. Strang, Jr., was, at the commencement of the

suit, and still is, a citizen of New York City, now residing in the state of Georgia; and that neither of them are now, or were when the suit was brought, residents of the state of Arkansas; that the petitioner desired to remove the suit before the trial thereof into the next circuit court of the United States for the Western district of Arkansas; that the petition recited good and sufficient bond was offered, properly conditioned as the law directs. The prayer of the petition was that surety and bond be accepted; that the suit be removed into the said United States court pursuant to the statutes, and that no further proceedings be had in the Crawford circuit court. On the motion to remand, plaintiffs' counsel submitted and argued two contentions: (1) That this court could not acquire jurisdiction of this case until the petition and bond for removal had been presented to the Crawford circuit court; that this had not been done, and therefore the case should be remanded. (2) That the case was not removable, because, all parties to the suit being nonresidents of the state of Arkansas, the defendants could not have been sued originally in this court, and therefore the case could not be removed here. No other questions were argued, and no others will be considered.

1. Was it necessary, in order to effect a removal from the state court to this court, that the defendants should present the petition and bond to the state court; and, if so, was that done on the 20th of July? In Shedd v. Fuller, 36 Fed. 609, Judge Gresham held that presenting the petition and bond for removal to a clerk of the state court was insufficient to effect a removal. In that case it was admitted that the petition and bond were not presented to the state court; that a party desiring to remove a cause from a state court to a United States court must file his petition and bond in such suit in the state court, when it shall be the duty of that court, if the petition and bond be sufficient to satisfy the statute, to accept both, and proceed no further in the case. While it is clear that the right of removal does not depend upon the action or nonaction of the state court, it is equally clear that the state court cannot be deprived of its right to decide for itself upon the sufficiency of the petition and bond. The presentation of a proper petition and bond to the state court for its action is a jurisdictional prerequisite,—citing Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799. This opinion by Judge Gresham, at circuit, was an oral opinion, and I do not think the case cited supports the point decided. In Stone v. South Carolina the court say:

"A state court is not bound to surrender its jurisdiction of a suit on a petition for removal until a case has been made which, on its face, shows the petitioner has a right to the transfer. Yulee v. Vose, 99 U. S. 539; Meyer v. Construction Co., 100 U. S. 457."

Continuing, the court say:

"It is undoubtedly true, as was said in Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, that upon the filing of the petition and bond, the suit being removable under the statute, the jurisdiction of the state court absolutely ceases, and that of the circuit court of the United States immediately attaches; but still, as the right of removal is statutory, before a party can avail himself of it he must show upon the record that his is a case which comes within the provisions of the statute. As was said in Insurance Co. v. Pechner, 95 U. S. 183: 'His petition for removal, when filed, becomes a part of the record in the cause. It should

state facts which, when taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot proceed further with the suit. Having once acquired jurisdiction, the court may proceed until it has been judicially informed that its power over the cause has been suspended.' The mere filing of a petition for the removal of a suit which is not removable does not work a transfer. To accomplish this, the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the state court in the case ends, and that of the circuit court begins."

In Stone v. South Carolina, the question at bar was not presented at all, for in that case it appears in the opinion of the court that "Stone presented to the court a petition for the removal of the suit," etc., and the language of the petition is quoted in the opinion. How it was presented does not appear. The question at issue in that case was whether the petition stated facts showing a right of removal.

Roberts v. Railway Co., 45 Fed. 433, is a case where the party seeking the removal filed the petition and bond therefor with the clerk, and a certified copy immediately made and given the defendant and filed. Judge Nelson says in the opinion "that the court never had its attention called to the petition," and condemns the practice on the authority of Shedd v. Fuller, supra. Williams v. Association, 47 Fed. 533, is a case where the petition and bond were presented to a judge when his court was not in session. He declined to act because the bond was defective, and because there was no court on that day. The petitioner then filed the petition and bond in the clerk's office in apt time. On that state of facts the court held that it was not sufficient to present the petition and bond, when no court was in session, to a judge of the state sitting in his office, and subsequently file the paper presented in the clerk's office. This case is made to rest on Shedd v. Fuller, Stone v. South Carolina, supra, and Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692. Crehore v. Railway Co. does not support the point decided in that case. All it decides is "that a fatal defect in the allegation of diverse citizenship in a petition for the removal of a cause from a state court for that reason cannot be corrected in the circuit court of the United States." The court say, in the opinion, that:

"The effect of filing the required petition and bond in a removable case is, as said in Railroad Co. v. Mississippi, 102 U. S. 135, that the state court is thereafter without jurisdiction to proceed further in the suit; or, in Railroad Co. v. Koontz, 104 U. S. 5, its rightful jurisdiction comes to an end; or, in Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58, upon filing, therefore, of the petition and the bond,—the suit being removable under the statute,—the jurisdiction of the state court absolutely ceased, and that of the circuit court of the United States immediately attached."

These are all the cases cited by plaintiffs' counsel to support his contention on the first proposition.

In Railroad Co. v. Koontz, 104 U. S. 14, the court say:

"The provision of the act of 1875 is, in this respect, substantially the same as that of the twelfth section of the judiciary act of 1789, and requires the state court, when the petition and a sufficient bond are presented, to proceed no further with the suit; and the circuit court, when the record is entered there, to deal with the cause as if it had been originally commenced in that court. The jurisdiction is changed when the removal is demanded in proper form, and a case of

removal made. Proceedings in the circuit court may begin when the copy is entered. * * * The state court must stop when the petition and security are presented, and the circuit court go on when the record is entered there, which is, in effect, docketing the cause. * * * The right to remove is derived from a law of the United States, and whether a case is made for removal is a federal question."

This case also decides that if, after a case has been made for removal, the state court refuses to surrender its jurisdiction, the petitioning party can remain in that court, and litigate, under protest, through all the state courts, and to the supreme court of the United States, and at the same time may take a transcript of the record, and file it in the United States circuit court, and proceed there at the same time as if the state court had not refused to surrender jurisdiction.

In Steamship Co. v. Tugman, 106 U. S. 122, 1 Sup. Ct. 60, the court say:

"The petition was accompanied by a bond which, it is conceded, conformed to the statute, and was ample as to security. Upon the filing, therefore, of the petition and bond,—the suit being removable under the statute,—the jurisdiction of the state court absolutely ceased, and that of the circuit court of the United States immediately attached. The duty of the state court was to proceed no further in the cause. Every order thereafter made in that court was coram non judice, unless its jurisdiction was actually restored. * * * It was at liberty, its right of removal being ignored by the state court, to make defense in that tribunal in every mode recognized by the laws of the state, without forfeiting or impairing in the lightest degree its right to a trial in the court to which the action had been transferred, or without affecting, to any extent, the authority of the latter court to proceed."

In Wills v. Railway Co., 65 Fed. 532, Sage, district judge, said:

"The defendant, on the 27th of January, filed its petition for removal to this court on the ground that the plaintiff is a citizen of the state of Ohio and the defendant a citizen of the state of Maryland. The petition shows upon its face a good cause of removal. The case of Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, is, therefore, not in point. The jurisdiction of the state court was ousted by the filing of the petition."

In Noble v. Association, 48 Fed. 338, Judge Wallace said:

"The statute requires him to make and file a petition and bond in the suit in the state court. It does not, in terms, require him to make any other presentation of them to the court; and, if he moves the consideration of the court or of a judge upon them, his rights are not enlarged or abridged by the action of the court or judge. The statute requires the state court to 'accept' the petition and bond, and 'proceed no further' in the suit. As is pointed out by Justice Field in Wilson v. Telegraph Co., 34 Fed. 561, no order of the state court accepting them is contemplated to transfer jurisdiction of the action. As he says: 'The denial by the state court of a petition in no respect affects the jurisdiction of the circuit court of the United States, if the action is removable, and the bond offered such as the statute requires. The statute makes the removal upon the filing of the petition with the necessary bond.' If a state court declines to accept a sufficient bond, and erroneously decides it to be insufficient, the removal is effected nevertheless, and its jurisdiction ceases. Removal Cases, 100 U. S. 472."

He then says the decorous and safe practice is to present the petition and bond to the court, but holds it is not indispensable; saying that:

"When they are brought to the attention of the court in the manner prescribed by the statute, by filing them in the suit, the court can proceed no further, if they are sufficient. When filed, they become a part of the record in the cause, and the court is judicially informed that its power over the cause has been sus-

pended. Judge Drummond decided in Osgood v. Railroad Co., 6 Biss. 340, Fed. Cas. No. 10,604, that the bond and petition need not be filed in term time."

And Judge Wallace deprecates the departure in some of the circuits from the principles here announced.

In Brown v. Murray Nelson & Co., 43 Fed. 614, District Judge Shiras holds precisely the same opinion. He says:

"It is not the presentation of the petition and bond to the court in open session that terminates the jurisdiction, but the filing the same so that the same becomes a part of the record of the particular suit. As a matter of correct practice, not, however, affecting the jurisdiction, it is due to the state court that the party asking the removal should in due season present the petition for removal to the state court and invoke its consideration thereof, for it might be that the court might proceed in the cause without knowledge of the facts that its jurisdiction had been attacked."

In Waite v. Insurance Co., 62 Fed. 769, District Judge Key decided, where in a case involving $3,000 the defendant filed his petition and bond, and the plaintiff asked and obtained leave to amend, that if the petition and bond were filed first, the court lost its jurisdiction, and the allowance of the amendment reducing the amount below $2,000 was coram non judice.

In Marshall v. Holmes, 141 U. S. 595, 12 Sup. Ct. 62, the petition and bond were presented for removal, and the court made an order denying the removal. The court said:

"If, under the act of congress, the cause was removable, then, upon filing of the above petition and bond, it was in law removed, so as to be docketed in that court, notwithstanding the order of the state court refusing to recognize the right of removal:" citing Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58; Railway Co. v. McLean, 108 U. S. 212, 2 Sup. Ct. 498; Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799; Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692.

The language used by the court in this case, "upon the filing of the above petition and bond," etc., I regard as very significant, because in this case the petition and bond had been presented and acted on by the state court, and, if the presentation had been necessary to deprive the state court of jurisdiction, it is scarcely probable the language would have been limited or narrowed to the mere filing, and the "presentation" omitted. Moreover, it is the very language used in other cases in that court already cited.

In Railway Co. v. Brow, 164 U. S. 279, 17 Sup. Ct. 128, which was a case where the petition and bond had been presented to the court also, the court said:

"The statute imposes the duty on the state court, on the filing of the petition and bond, 'to accept such petition and bond, and proceed no further in such suit,' and, if the cause be removable, an order of the state court denying the application is ineffectual, for the petitioner may, notwithstanding, file a copy of the record in the circuit court, and that court must proceed in the cause."

In view of these authorities, I cannot assent to the contention of plaintiffs that any other or different presentation of the petition and bond to the state court was necessary than was made in this case. To hold otherwise would be to sacrifice the substance for mere form. It would be a veritable case of sticking in the bark. Courts ought to get at the real merit and truth of things, and, in order to do so, disregard mere ceremonies and forms, and look through and beyond

mere appearances to the true facts. It is not necessary in this case for me to go as far as some of the judges have gone at circuit, and hold that the filing in vacation with the clerk constitutes judicial knowledge or presentation, and is all that is required. It will be time enough to determine that question when it is presented. But in this case it is true that on a day when the Crawford circuit court was in session the judge of that circuit on the bench, and when certain steps were being taken before him in this case, as at chambers, if you please, but when the court was in session nevertheless, his attention was specifically called to the fact that he could not rightfully proceed in the case, because defendants had filed in that suit on the previous day a petition and bond for its removal to this court. He was informed who the surety in the bond was, and what the petition contained, and the offer made to get the petition and bond for his inspection. True, the petition and bond were not in the clerk's office at the time, they having been sent to defendants' counsel, and inadvertently left at his office; but by consent defendants' counsel stated the facts contained in the petition, and no point was made on its absence. This, I think, constituted a waiver of its presence or inspection, and the judge and the court, it being in session, must be held to have known what its contents were. It specifically prayed for a removal to this court, and, had it been present and been inspected by the judge at that time (and under the circumstances its equivalent was done), could it be said that it was not presented, and the action of the court invoked upon it? I think not. Manifestly, the learned circuit judge did not base his nonaction upon the fact that the petition and bond were not formally presented, but rather upon the belief that he was not required to act upon it until the return term, in November following. In this he was in error. It was clearly his duty, the court then being in session, to obey the statute, and, the case being a removable one, to accept said petition and bond, and proceed no further in said suit. His failure to do so can in no wise deprive this court of its jurisdiction, or prejudice the rights of the defendants under the removal acts of congress.

2. Does the petition make a case, on its face, removable under the acts of congress? In this circuit that is not an open question, and I am not aware that the supreme court of the United States has ever been called upon to determine it. In this case all the parties to this suit are citizens and residents of other states than Arkansas, and were at the commencement of this suit, and all the plaintiffs are citizens of different states from each of the defendants. In Bank v. Smith, 36 U. S. App. 532, 19 C. C. A. 42, and 72 Fed. 569, Caldwell, J., the other circuit judges concurring, said:

"The removal of the case from the state to the federal court is attempted to be supported upon two grounds. The first contention is that the removal can be sustained upon the ground that the parties to the action are citizens of different states. But that is a ground of removal only where the defendant is a nonresident of the state in which the suit is brought,"—citing Thurber v. Miller, 32 U. S. App. 209, 14 C. C. A. 432, and 67 Fed. 371.

In that case plaintiff, Smith, was a citizen of Connecticut, and the bank a corporation organized under the laws of the United States,

and located at Wichita, Kan., and the removal was denied on the ground that only a nonresident defendant of Kansas could do that. Counsel for plaintiff cited to the contrary Yuba Co. v. Pioneer Gold Min. Co., 32 Fed. 183, decided at circuit by Judge Sawyer, Justice Field and Judge Sabin concurring. Justices Field and Sawyer, at circuit, in Wilson v. Telegraph Co., 34 Fed. 561, expressly overruled that case on the very point, expressing gratification at so early an opportunity to correct their error, of which they had been convinced for some time. It was doubtless the Yuba Co. Case which misled Judge Hallett in Mining Co. v. Markell, 33 Fed. 387, and perhaps other judges. Motion to remand denied.