## BAHLS et al. v. WELFARE LOAN SOC. OF LA FAYETTE.

(District Court, D. Indiana, Hammond Division. February 8, 1927.)

1. Evidence ⬥82—Petition to remove to federal court and bond, filed with state court clerk during vacation, presumed not presented to state court or judge, in absence of contrary showing (Judicial Code, § 29 [Comp. St. § 1011]).

Where petition to remove to federal court, under Judicial Code, § 29 (Comp. St. § 1011), together with bond, were filed with the clerk of the state court during vacation, it will be presumed, on motion to remand, in absence of a showing to contrary in record, that petition

and bond were never presented to state court, or the judge thereof.

**2. Courts ⊜96(1)—District Court not bound by decisions on question of procedure, where Circuit and District Courts' decisions vary.**

Where decisions of District and Circuit Courts are at variance on important question of procedure, District Court will decide which line of decisions is best grounded in law and reason.

**3. Courts ⊜92—Decisions containing only dicta are not entitled to same weight as decisions wherein question is discussed and considered.**

Decisions containing only dicta should not have weight of those wherein the particular question is discussed and considered.

**4. Removal of causes ⊜89(2)—Sufficiency of petition for removal and bond is matter for state judge, and not clerk (Judicial Code, § 29 [Comp. St. § 1011]).**

On petition for removal of cause to federal court, under Judicial Code, § 29 (Comp. St. § 1011), the sufficiency of the petition and bond is a matter for determination of state court judge, and not clerk; clerk being a ministerial officer, with no judicial power or discretion.

**5. Removal of causes ⊜89(2)—State court clerk cannot grant or refuse petition, or approve bond (Judicial Code, § 29 [Comp. St. § 1011]).**

State court clerk, with whom petition for removal and bond are filed, under Judicial Code, § 29 (Comp. St. § 1011), cannot grant or refuse the petition, nor approve the bond, being merely a ministerial officer, with no judicial power or discretion.

**6. Removal of causes ⊜89(1)—Petition for removal and bond must be presented to state court judge in open court or chambers (Judicial Code, § 29 [Comp. St. § 1011]).**

Under Judicial Code, § 29 (Comp. St. § 1011), petition for removal to federal court and bond filed therewith must be presented to the judge of the state court, either in open court or in chambers, though filed during vacation by a party to whom interrogatories had been propounded under the state law.

In Equity. Proceeding between Herman M. Bahls and others and the Welfare Loan Society of La Fayette. On motion to remand, after removal to federal court. Granted.

McAdams & Schultz, of La Fayette, Ind., for plaintiffs.

Gaylord & Sills, of La Fayette, Ind., Thomas H. Marrow, and J. Paul Scudder, for defendant.

SLICK, District Judge. The question is on the motion to remand. Certain parties, claiming to be the owners of certain preferred stock, were permitted by the state court to intervene, and assert their claim to said stock, and defend against the claim of a receiver, and they immediately filed interrogatories, which the court ordered answered and filed with the clerk, not later than September 1, 1926, which was in vacation.

Defendant, before September 1st, the day he was ruled to answer the interrogatories, and during vacation, filed with the clerk of the court his petition for removal, together with his bond conditioned according to law. The prayer of the petition is: "Your petitioner therefore prays that the court will proceed no farther herein, except to make an order of removal of the action to said District Court, and to accept said bond and cause the records herein to be removed to said District Court."

[1] It does not appear that the petition to remove and bond were ever called to the attention of the judge of the state court. The state court was in vacation at the time the petition was filed, and the record is silent on that question. The presumption, therefore, naturally arises that the petition and bond were never presented to the state court or to the judge thereof.

Petitioner argues that, as he was ruled to answer certain interrogatories and file them with the clerk in vacation, he could not safely wait until the convening of court to present his petition and bond for removal, as he would be in contempt for failure to file answers to the interrogatories. He therefore filed his petition with the clerk of the state court during vacation, and then had the clerk of the state court certify the entire proceeding to the federal court.

The question then arises: Can a petitioner to remove file his petition and bond with the clerk of the court, a purely ministerial officer, and, without having it presented to the judge of the state court, either in chambers during vacation, or in open court, effectuate a removal?

Removal procedure is governed by section 29 of the Judicial Code (Comp. St. § 1011), which reads partly as follows:

"Whenever any party entitled to remove any suit * * * may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where

such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

The decisions of the District and Circuit Courts are in conflict on the question of the sufficiency of filing the petition to remove and bond with the clerk of the state court. A careful reading of these cases, however, discloses that, almost in every instance where the District or Circuit Court has held it sufficient to file the petition and bond with the clerk, the petition and bond were presented to the judge of the state court, either in chambers or otherwise. A short digest of some of the leading cases on this important subject may be of interest.

Johnson v. Computing Scale Co. (C. C.) 139 F. 339: Petition was presented to the judge of the state court, sitting in chambers, who approved the bond by indorsement thereon, and the petition and bond were then filed in the clerk's office. This was held to be a sufficient compliance with the statute.

Monroe et al. v. Williamson et al. (C. C.) 81 F. 977: The petition was filed in the clerk's office, and the judge of the state court, sitting in chambers, was so informed, and counsel offered to obtain the petition and bond and exhibit it to the court. This, however, was waived. This was held sufficient, because no point was made of the fact that the judge of the state court had not seen the petition.

Mecke v. Valley Town Mineral Co. et al. (C. C. A.) 93 F. 697: Petition was filed during vacation, and an order of removal was signed by the judge of the state court in chambers. This was held sufficient.

Brown v. Murray Nelson & Co. et al. (C. C.) 43 F. 614: The petition was filed with the clerk of the state court, and presented to the judge of the state court, at the time and place set by him for hearing an application for a receiver. The judge of the state court held that he, as judge of the state court, had no authority to hear the removal petition, and ordered that it, with the bond, be presented to the District Court of that county. Transcript of these proceedings was then filed in the District Court. This was held sufficient.

State ex rel. Tillman, Governor, et al. v. Coosaw Mineral Co. (C. C.) 45 F. 804: Petition for removal was filed with the clerk and, together with the bond, exhibited to the judge of the state court the next day. What, if any, action he took, is not stated in the certificate. This was held to be sufficient.

Noble v. Mass. Benefit Ass'n (C. C.) 48 F. 337: This case was pending in the Supreme Court of the State of New York, in the county of Niagara. The petition and bond for removal were presented to the judge of the state court while sitting in Erie county, and were inadvertently handed to the clerk of Erie county after the judge had ruled thereon. It never was filed in the Supreme Court of Niagara County, where the suit was pending. This was held not to be a sufficient compliance, and the case was remanded. It is worthy of note, however, that at the time this case was decided the removal statute did not provide for notice as the present removal statute does.

Frazier v. Hines, Director General of Railroads (D. C.) 260 F. 874: In ruling on a motion to permit the defendant to amend both the petition for removal and the answer filed in the cause, the court said: "The requirement of the submission of the matter to the state court for an order of removal before any action is taken by this court is a mere matter of comity or courtesy, and not a matter of right; and if the case presented is one in which some action should be taken, and in the opinion of this court it has been properly removed, it is the duty of this court to take action upon the application, whether the state court has granted, or refused an order of removal, or whether or not any application for such an order has actually been made to it." This language would seem to imply that no necessity exists for presenting the petition to remove and bond to the state court; but this question was not directly in issue, and it was not necessary that it should be decided in arriving at the conclusion reached.

Williams v. Massachusetts Ben. Ass'n (C. C.) 47 F. 533: The petition for removal and bond were presented to a justice of the state court, who was sitting in chambers; no term of the court being in session at that time.

The justice declined to act upon the petition, for the reason that court was not in session, and because the bond was defective. Judge Coxe used the following language: "Is it sufficient to present the petition and bond, when no court is in session, to a judge of the state court sitting in his office, and subsequently to file them in the office of the clerk? Manifestly not! It is 'the state court' which is authorized to act upon the petition, and not a judge or a clerk of the state court."

Fox v. Southern Ry. Co. et al. (C. C.) 80 F. 945: The petition for removal was filed with the clerk of the state court, but was not presented to the state court, or to the judge thereof. This was held not to be a sufficient compliance.

Shedd v. Fuller et al. (C. C.) 36 F. 609: The petition was filed with the clerk of the state court, and was not presented to the judge of the state court. Judge Gresham, rendering an oral opinion in this case, said:

"The right of removal is purely statutory, and the jurisdiction of the state court remains undisturbed until a proper petition and bond are presented to that court for its judicial action. It is not sufficient to present the petition and bond to the clerk, who is the court's mere ministerial officer. While it is clear that the right of removal does not depend upon the action or nonaction of the state court, it is equally clear that the state court cannot be deprived of its right to decide for itself upon the sufficiency of the petition and bond. The presentation of a proper petition and bond to the state court for its action is a jurisdictional prerequisite."

Roberts v. Chicago, St. P., M. & O. Ry. Co. (C. C.) 45 F. 433: The petition for removal and bond in this case were not presented to the state court, and this was held not to be a substantial compliance with the statute, citing Shedd v. Fuller, supra.

Hall et al. v. Chattanooga Agricultural Works et al., 48 F. 599: The petition for removal was filed in vacation with the clerk of the state court, at a time when there was no session of the state court. It was not presented to the judge. Judge Key, of the Circuit Court for the Eastern District of Tennessee, said: "It would be premature, and a want of comity, for this court now to say that the cause had been removed before the state court had opportunity to consider and pass upon the question the law submits to it. Moreover, the cause is not removed until the petition and bond shall be presented to the state court for acceptance. Then, and not until then, is the state court required to determine whether it will proceed further or not. If the petition and bond conform to law, the cause is removed; if not, it is not removed."

La Page v. Day (C. C.) 74 F. 977: District Judge Coxe, in deciding this case, said: "Notwithstanding an occasional dictum to the contrary it is conceded by the defendant that the petition and bond must have been presented to the court, the mere filing in the clerk's office of Franklin county being insufficient."

Mays v. Newlin (C. C.) 143 F. 574: In this case the petition and bond were filed with the clerk of the state court, and afterwards an oral motion was made to remove, but this oral motion was abandoned. District Judge McDowell, in deciding this case, said: "Whether or not, in a proper case for removal, the jurisdiction of the state court ceases on the filing in the clerk's office of the state court of a petition for removal and a proper bond, is a question which, so far as I am advised, has never been expressly decided by the Supreme Court, and is one on which there is among the subordinate federal courts much conflict of opinion. There are undoubtedly expressions in the opinions of the Supreme Court indicating that mere filing of the petition and bond, in a proper case for removal, eo instanti, terminates the jurisdiction of the state court. But these expressions are dicta, and in other opinions are found dicta indicating that the petition and bond must be presented to the state court, or a judge thereof * * * in order to terminate the jurisdiction of such court. * * * The language of the statute clearly imports that the petition and bond shall be presented to the state court. It is not expressly stated that the jurisdiction of that court ceases upon the mere filing of these papers, and, on the other hand, the time when the state court shall 'proceed no further in such suit' is after that court has been afforded opportunity to 'accept' the petition and bond."

[2] With the decisions of the District and Circuit Courts at variance on this important question of procedure, it would seem to be the province and duty of this court to decide which line of decisions is best grounded in law and reason.

[3] Of course, the reported cases containing only dicta should not have the weight of those wherein the identical point here in question is discussed and considered. The removal statute makes it imperative that the

party seeking removal shall make and file, in the suit pending in the state court, a verified petition and bond, with good and sufficient surety. It then becomes "the duty of the state court to accept said petition and bond and proceed no further in such suit." [4, 5] Who is to determine the sufficiency of the verified petition and bond? The clerk is a ministerial officer, with no judicial power or discretion. He can neither grant nor refuse the petition. He is not given power to approve the bond. In the case at bar, he simply received the petition and bond and marked them filed. When the removal statute is complied with, if the case is one entitled to be removed to the federal court, it is the duty of the state court to stop all proceedings. But the state court must decide, at its peril, whether the case is removable, and whether the procedure statute has been substantially complied with, and whether a good and sufficient bond has been filed.

If the case is not removable upon the showing made, the state court is legally bound to ignore it and proceed with the case, subject, of course, to a review and reversal, if its decision is wrong. Notice to the adverse party, prior to filing the petition and bond, has been required since the act of 1887. All this implies an intent by Congress that the petition and bond shall be filed in the case and brought to the attention of the judge, either during a session of the court or in chambers.

If, then, the case being removable and the petition and bond sufficient, the state court refuses to order the removal, the petitioner may cause a transcript of the proceedings to be filed in the federal court and the case is deemed removed. In such contingency it becomes the duty of the federal court to examine the record of the proceedings had in the state court, and at its peril determine whether or not the cause is removable, and whether or not the proper steps, under the statute, have been taken.

Counsel urge that the state court had entered an order requiring defendant to answer interrogatories filed with the petition, and to file the answers at a time prior to the next term of court. This, under the practice in the courts of the state of Indiana, was proper. But there was nothing to prevent counsel from requesting an enlargement of this order, on the ground that removal was to be asked, or, indeed, submitting the petition, after it was filed with the clerk, to the judge in chambers.

[6] It is my opinion that the petition to remove and bond must, under the authorities, be presented to the judge of the state court, either in open court or in chambers. This was not done, and the motion to remand is therefore granted.