SCOTT v. The M. W. WRIGHT. See Case No. 9,983.

SCOTT (NEVES v.). See Case No. 10,134.

---

# Case No. 12,543.

### SCOTT v. OTIS et al.

[23 Int. Rev. Rec. 367; 4 Law & Eq. Rep. 598; 5 N. Y. Wkly. Dig. 264;[1] 10 Chi. Leg. News, 41.]

Circuit Court, D. Iowa. Oct. 23, 1877.

REMOVAL OF CAUSES—POWER OF STATE COURT IN VACATION.

1. A cause was referred to a referee, under the statute of Iowa for trial, in vacation. A petition, affidavit and bond were filed in the office of the clerk of the state court, under Rev. St. § 639, subd. 3, for the removal of the cause to the federal court. *Held*, not to have the effect to divest the jurisdiction of the state court, or of the referee to proceed to a trial pursuant to the order of reference.

2. Under section 639 of the Revised Statutes, a removal of a cause from the state court cannot be effected in vacation, without any action of the state court.

On motion by the defendants [H. W. Otis and others] to remand cause to the state court. The suit was brought [by M. T. Scott] in the

[1] [5 N. Y. Wkly. Dig. 264, contains only a partial report.]

state court at the May term, 1875, and at the May term, 1877, it was by consent referred by the court to a referee for trial. This reference was made in pursuance of the Code of Iowa on that subject. The following sections of that Code relate to the powers and duties of a referee:

"Sec. 2820. The trial by referee shall be conducted in the same manner as a trial by the court. He shall have the same power to summon and enforce by attachment. The attendance of witnesses to punish them as for a contempt for non-attendance or refusal, to be sworn or to testify, and to administer all necessary oaths in the trial of the case, to take testimony by commission, allow amendments to pleadings, grant continuances, preserve order, and punish all violations thereof.

"Sec. 2821. The report of the referee on the whole issue must state the facts found and the conclusions of law separately, and shall stand as the finding of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. The report may be excepted to and reviewed in like manner.

"Sec. 2822. When the reference is to report the facts, the report shall have the effect of a special verdict.

"Sec. 2823. The referee shall sign any true bill of exceptions taken to any ruling by him made in the case whereto any party demands a bill of exceptions; and the party shall have the same rights to obtain such bill as exists in the court, and such bill shall be returned with the report."

In the vacation after the May term, 1877, and prior to the November term, 1877, viz. on October 6, 1877, the plaintiff filed with the clerk of the state court, a petition, affidavit and bond, under the prejudice and local influence act (Rev. St. § 639, subd. 3; Act March 2, 1867 [14 Stat. 558]), to remove the cause to this court. The state court not being in session, did not act on the petition or accept the bond. It has neither ordered nor refused to order the removal. Notice of the filing of the petition and bond was given to the referee, whom nevertheless, it seems, commenced the trial of the cause, pursuant to the order of reference, but the trial has not yet been concluded by the referee. The next term of the state court does not occur until the 5th day of November, proximo.

C. E. Richards, for the motion.

P. T. Lomax, contra.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. The act under which this cause was attempted to be removed (Rev. St. § 639, subd. 3) requires the petition and affidavit for the removal to be filed "in the state court." And "in order to such removal the petitioner must at the time of filing his petition therefor, offer in said state court, good and sufficient surety," etc. "It shall thereupon

be the duty of the state court to accept the surety and to proceed no further in the cause against the petitioner." Unlike the act of March 3, 1875 [18 Stat. 470], the statute under which the removal was here attempted contains no provision authorizing the petition for the transfer, to be filed in vacation. It is our opinion that the filing in vacation of the petition, and affidavit and bond for the removal of this cause, did not have the effect to divest the jurisdiction of the state court, or that of the referee under the order of reference. The precise point presented is, whether under Rev. St. § 639, the removal of a cause can be effected by a petition and bond filed in the clerk's office in vacation, without any action of the state court. We hold that it cannot.

Under the statutes of Iowa, courts act only in term, and judges have only a few enumerated powers which can be exercised in vacation. "Upon any final adjournment of the court all business not otherwise disposed of, stands continued generally" until the next term. Code, § 172. Without the consent of parties, the courts cannot decide cases in vacation (Id. § 183), or the judges do anything except to make provisional orders in specified cases. Judges in this state cannot, in vacation, exercise the power of courts in term. The act of congress (Rev. St. § 639) requires the petition and bond to be filed in the state court, and requires the state court to accept the surety, and to proceed no further in the cause. This implies action, to some extent, on the part of the state court, viz. to accept the surety if it be sufficient, and negatively the duty not to take any subsequent steps in the cause—action which in Iowa can only be taken by the court when acting as a court, that is, in term time. Whether the mere consent of the plaintiff to refer the cause, without more, waives the right of removal under Rev. St. § 639, subd. 3, as insisted by the defendant's counsel, we need not determine. Hanover Nat. Bank v. Smith [Case No. 6,035]. I have doubt on this point and give no opinion upon it.

The case is not legally removed to this court, and is therefore dismissed. Case dismissed.