## WILLIAMS *v.* MASSACHUSETTS BEN. ASS'N.

*(Circuit Court, N. D. New York. October 8, 1891.)*

REMOVAL OF CAUSES—PETITIONING JUDGE IN VACATION.

The presentation of a petition and bond for the removal of a cause to the federal court, to a justice of the state court in vacation, and, on his declining to act thereon, filing them in the office of the clerk of the county, is not a compliance with the removal act, (Act Cong. March 3, 1887,) which requires that "the state court" shall have an opportunity to act on the petition; and such proceeding will not effect the removal.

At Law.

*J. K. Hayward,* for the motion.

*R. E. Thomas,* opposed.

COXE, J. This is a motion by the defendant to compel the plaintiff's attorney to receive the defendant's answer. The motion is opposed on the ground that the action is pending in the supreme court of the state of New York and was never removed to this court. The summons and complaint were served on the 16th of June, 1891. By the provisions of the New York Code the defendant had 20 days thereafter in which to answer or demur. The last day to answer, therefore, was July 6, 1891. It was also the last day on which the cause could be removed to this court. Section 3, Act March 3, 1887, (corrected August 13, 1888,) 25 St. at Large, 433. On the 27th of June, 1891, the defendant presented a petition for removal and a bond to a justice of the state court. The affidavits in opposition to the motion state that there was no court on

the 27th of June, and that the presentation was simply to the justice in chambers. They further state that the justice informed the plaintiff's representative, at the time, that no court was in session; that he was sitting only as a judge in chambers and in that capacity was not authorized to act upon the application. As these allegations are not denied I shall assume that they correctly state the facts. The justice having declined, for the reason stated, and also because the bond was defective, to act upon the petition and bond, they were, on the 3d of July, 1891, filed in the clerk's office of Oneida county. July 3d was not a court day. On the 12th of September, 1891, the state court being in session, the petition and bond were again presented, but the court declined to accept them, and an order denying the defendant's application was duly entered. If the proceedings prior to July 6th did not operate to remove the cause it is still in the state court. The defendant's acts after that date were ineffectual. They were too late. *Delbanco* v. *Singletary*, 40 Fed. Rep. 177; *Doyle* v. *Beaupre*, 39 Fed. Rep. 289; *Dwyer* v. *Peshall*, 32 Fed. Rep. 497; *Manley* v. *Olney*, Id. 708; *Railroad Co.* v. *Houston*, Id. 711; *Wedekind* v. *Pacific Co.*, 36 Fed. Rep. 279; *Coal, etc., Co.* v. *Waller*, 37 Fed. Rep. 545; *Hurd* v. *Gere*, 38 Fed. Rep. 537; *Lockhart* v. *Railroad Co.*, Id. 274; *Dixon* v. *Telegraph Co.*, Id. 377; *Kaitel* v. *Wylie*, Id. 865; *Spangler* v. *Railroad Co.*, 42 Fed. Rep. 305.

This motion turns, therefore, upon the question whether or not the presentation upon the 27th of June, and the subsequent filing in the clerk's office, was a compliance with the federal statute. Is it sufficient to present the petition and bond, when no court is in session, to a judge of the state court sitting in his office, and subsequently to file them in the office of the clerk? Manifestly not! It is "the state court" which is authorized to act upon the petition, and not a judge or a clerk of the state court. In the case of *Roberts* v. *Railway Co.*, 45 Fed. Rep. 433, it was said:

"The petition should be presented to the state court, and opportunity given that court to act. In this case the petition was presented to the clerk of the state court, and filed by him, and a certified copy immediately made and given the defendant. The court never had its attention called to the petition. This is not the proper practice indicated by the statute granting removals from the state court, or recognized by the United States supreme court."

*Shedd* v. *Fuller*, 36 Fed. Rep. 609; *Stone* v. *State*, 117 U. S. 430, 6 Sup. Ct. Rep. 799; *Crehore* v. *Railway Co.*, 131 U. S. 240, 9 Sup. Ct. Rep. 692.

As the cause is still in the supreme court of the state of New York, this court has no jurisdiction to grant the motion.