HALL et al. v. CHATTANOOGA AGRICULTURAL WORKS et al.

(*Circuit Court, E. D. Tennessee, S. D.* December 22, 1891.)

1. REMOVAL OF CAUSES—PETITION AND BOND—ACTION BY STATE COURT.
    The fact that a petition and bond for the removal of a cause, under section 3 of the removal act, have been filed in the state court during vacation, will not warrant the federal circuit court in declaring the cause removed before the state court has had an opportunity to take action thereon.

2. SAME—DIVERSE CITIZENSHIP.
    Under the removal act of 1887, § 2, cl. 4, any defendant who is a citizen of another state may remove the cause, notwithstanding that his co-defendants are citizens of the state in which the action is brought.

3. SAME—LOCAL PREJUDICE—AFFIDAVIT.
    Under section 2 of the removal act, as amended by the acts of 1887 and 1888, providing for the removal of a cause "when it shall be made to appear" to the circuit court that, from prejudice or local influence, the defendant will not be able to obtain justice in the state court, the facts relied on to show prejudice must be set out in the petition for removal, and supported by the affidavit of at least one credible person.

4. SAME—SUFFICIENCY OF AFFIDAVIT.
    A bill was brought by certain persons residing in Tennessee, as creditors and stockholders of a corporation, to wind up its affairs, and to hold certain stockholders in Ohio for the balance of their subscriptions. The latter applied to the federal circuit court for a removal of the cause, on the ground of local prejudice, and filed an affidavit alleging that the corporation was formed in Tennessee to purchase the property of a manufacturing corporation in Ohio, which purchase was made; that the petitioners, as trustees for many citizens of Ohio, owned a majority of the stock; that many stockholders in Tennessee were refusing to pay their subscriptions, on the ground that they had been defrauded in the purchase by the Ohio people, and that much talk of this kind had been indulged in, thus creating a local prejudice against the Ohio stockholders; that in suits against the Tennessee stockholders the defendants had set up the alleged fraud, and, in order to appeal to the local prejudice, had demanded juries to try the issues; and that affiant is informed and believes that a jury will be demanded in this cause. *Held,* that this was sufficient evidence to warrant a removal, especially when the allegations of the bill itself disclosed a disposition to appeal to local prejudice.

5. SAME—PETITION.

A petition for the removal of a cause on the ground of local prejudice should state the facts relied on as showing prejudice, and should be sworn to by at least one of the petitioners, or by some agent or attorney authorized by them.

6. SAME—AMENDMENT OF PETITION.

When the affidavit for removal sets out the necessary facts, a petition which is defective in this respect may be amended to conform thereto.

In Equity.  Bill by W. R. Hall and others, residents of Tennessee, in a state court, as creditors and stockholders of the Chattanooga Agricultural Works, a Tennessee corporation, and others, to wind up the affairs of the corporation, pay its debts, and distribute the surplus, if any, among the stockholders.  Henry Tod and Tod Ford, stockholders, residing in Ohio, were made parties defendant, and it was sought to compel them to pay the balance of their subscriptions to the stock; and they removed the cause to the United States circuit court.  The cause is now heard on motion to remand.  Conditional order of remand.

*Andrews & Barton*, for complainants.

*Clark & Brown*, for defendants.

KEY, J.  The petition for removal in this case seeks to bring the cause from the state court into this court upon two grounds: That is, because there is a separable controversy between the petitioners and the other parties to the suit; and because there exists such prejudice or local influence that petitioners will not be able to obtain justice in the state court, or in any other court of the state to which this cause could be removed.  It appears that application has been made in the state court for the removal of the cause because there is a separable controversy between the parties, but as yet there has been no action of the state court upon the application, for want of a session of the court.  In cases which are sought to be removed, except those in which the application is predicated upon local influence and prejudice, the petitions must be filed in the state court.  The acts of congress of March 3, 1887, and August 13, 1888, in section 3 of the act of 1875, as amended by these acts, provide that, except where the application for removal is based upon local influence and prejudice, the party desiring to remove the cause may make and file a petition in such suit in the state court at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to plead or answer to the declaration or complaint of the plaintiff for the removal of such suit; and shall make and file therewith a bond, with good and sufficient surety, for his entering in the circuit court, and filing, on the first day of its then next session, a copy of the record.  It shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit; and, the said copy being entered as aforesaid in the circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court.

. It appears from the record that, since the adjournment of the last term of the state court, a petition for removal and a bond have been prepared and filed; but there has been no session of the court since, so that

the petition and bond could be presented to the state court as contemplated by the statute. It would be premature, and a want of comity, for this court now to say that the cause had been removed before the state court had opportunity to consider and pass upon the question the law submits to it. Moreover, the cause is not removed until the petition and bond shall be presented to the state court for acceptance. Then, and not until then, is the state court required to determine whether it will proceed further or not. If the petition and bond conform to law, the cause is removed; if not, it is not removed. The decisions relied upon by petitioners' attorney were made in cases in which petitions and bonds had been presented to the state court complying with the requirements of the law, but in each case the state court declined to accept the petition and bond, and proceeded further, or attempted to do so, in the suit. When the state court considers the application for removal so far as to accept or reject petition and bond, if the application be such as authorizes a removal, the removal relates back to the date of the application; but it would be something remarkable for a party to go to the clerk in vacation, file his application for removal, and take his suit into this court, without presenting the matter to the state court at all, or giving it an opportunity to accept the petition and bond as the law prescribes.

The case mentioned by the petitioners' counsel,[1] decided here, did not involve the point now made. In that case the petition and bond for removal had been presented to and accepted by the state court. The authority of the state court over the cause had come to an end. The next term of this court thereafter had not met, but a copy of the record had been filed, and it was moved to take a step preliminary to the preparation of the cause for trial. This was resisted upon the ground that the case could not come here until the first day of the next term. It was held that, though the petitioners were bound to file a copy of the record by the first day of the next term, still the cause was removed to this court when the state court accepted the petition and bond, and, whenever a copy of the record came into this court, this court's jurisdiction of it began.

The other ground of removal has its source in the act of March 3, 1887, corrected by the act of August 13, 1888. This law amends and modifies the second section of the act of March 3, 1875, among many other things, so as to make it read as follows:

"And where a suit is now pending, or may hereafter be brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the circuit court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that, from prejudice or local influence, he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause."

[1] Not reported.

This provision is peculiar and different in its features from the general character of the act in respect to removals. The application is made to the circuit court of the United States, and it removes the cause, when it is made to appear that, from prejudice or local influence, justice cannot be obtained. The act of 1875 has nothing in regard to removals for such causes. Before the act of 1887, removals for prejudice and local influence rested upon section 639, subsec. 3, Rev. St. The applicant was to file his petition and affidavit in the state court, and he was only required to swear that he had reason to believe, and did believe, he could not obtain justice therein. The act of 1887 does not define how the matter shall be made to appear, but the supreme court has determined how it is to be done. In *Ex parte Pennsylvania Co.*, 137 U. S. 457, 11 Sup. Ct. Rep. 143, it is said:

"Our opinion is that the circuit court must be legally (not merely morally) satisfied of the truth of the allegation that, from prejudice or local influence, the defendant will not be able to obtain justice in the state court. Legal satisfaction requires some proof suitable to the nature of the case; at least, an affidavit of a credible person, and a statement of facts in such affidavit which sufficiently evince the truth of the allegation. The amount and manner of proof required in each case must be left to the discretion of the court itself. A perfunctory showing by a formal affidavit of mere belief will not be sufficient. If the petition for removal states the facts upon which the allegation is founded, and that petition be verified by an affidavit of a person or persons in whom the court has confidence, this may be regarded as *prima facie* proof sufficient to satisfy the conscience of the court. If more should be required by the court, more should be offered."

In this case the court affirmed the action of the circuit court in remanding the cause, because the amount in controversy did not exceed $2,000. Upon the branch of the case as to which the opinion is quoted the court says:

"We are disposed to think that the proof of prejudice and local influence in this case was not such as the circuit court was bound to regard as satisfactory. * * * We do not say, as a matter of law, this affidavit was not sufficient, but only that the court was not bound to regard it so, and might have well regarded it as not sufficient."

When we couple these expressions with one in the longer paragraph quoted, that is, "the amount and manner of proof required in each case must be left to the discretion of the court itself," we may reasonably infer that, if the circuit court had concluded that the affidavit was sufficient, the action of the circuit court, in that respect, would not have been reversed.

The view taken by the supreme court is strengthened and emphasized by the clause of the act of 1887 which follows the provisions in regard to removal by defendants for prejudice or local influence. This clause is:

"At any time before the trial of any suit which is now pending in any circuit court, or may hereafter be entered therein, and which has been removed to said court from a state court on the affidavit of any party plaintiff that he had reason to believe, and did believe, that, from prejudice or local influence, he was unable to obtain justice in said state court, the circuit court shall, on application of the other party, examine into the truth of said affidavit, and the

grounds thereof; and, unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto."

No such form of proceeding is required of defendants as of plaintiffs. In the last case the court must examine into the truth of the affidavit, and the grounds thereof. In the case of a defendant the law does not state how the matter is to be presented to the court, whether by petition or affidavit or otherwise.

It is insisted that the affidavit presented in this case does not give such facts in support of the allegations of prejudice and local influence as make it appear that such prejudice or influence exists. The facts stated in the affidavit are substantially that the Chattanooga Agricultural Works is a corporation organized in Tennessee to purchase the property of the William Anson Wood Mower & Reaper Company of Youngstown, Ohio, and it did purchase it, and that petitioners, as trustees for citizens of Ohio, and in their individual right, own a majority of the stock in the agricultural works; that many stockholders at Chattanooga are refusing to pay for the stock subscribed, because, as they say, the property of said mower and reaper company was valued at a fraudulent and unreasonable valuation, and the Chattanooga stockholders were thus defrauded by the Youngstown people; that much talk of this kind has been indulged in by those refusing to pay, and much local prejudice has been created thereby and exists against the Youngstown, Ohio, stockholders; that some of the resident stockholders have been sued for their subscriptions, and that they make the defense of fraud and misrepresentation and overvaluation, and, unwilling to leave the controversy to the decision of the judge, demand a jury to try the issues; that these issues are prepared by one of the leading solicitors in the present bill, and affiant is informed and believes that it is intended to ask for a jury in this case; that a jury will be demanded in order to appeal to their prejudice against corporations generally, as well as to their prejudices against the non-residents in this controversy with the resident stockholders. No part of this affidavit is predicated on information and belief, except that in relation to the jury that is to be called for. When we look into the record, we find that the resident stockholders consist of a large number of leading and influential men in this locality, representing various professions and lines of trade, business, and manufactures. An examination of the bill filed by complainants shows from its general scope, and many of its allegations and expressions, an inclination or disposition to appeal to prejudice, as against the non-resident stockholders, and lends support to the averments of the affidavit. So far as the affidavit is concerned, it appears to be made by a credible person, and its facts make it appear that prejudice and local influence exist. But the office of the affidavit is to support the petition. If the petition for removal states the facts upon which the allegation is founded, and that petition be verified by affidavit of a person or persons in whom the court has confidence, this may be regarded as *prima facie* proof sufficient to satisfy the conscience of the court. "Inferentially this is the minimum of evidence to be received and

accepted, and, if the court is not satisfied with this, more may be required, but it must not be satisfied with less." *Ex parte Pennsylvania Co.*, *supra.* The petition in the case in hand does not state the facts upon which the allegation of prejudice or local influence is founded. It does not aver that either or both exist. It simply states that an affidavit (Margerum's) has been filed that it may be made to appear that, by reason of prejudice or local influence, justice cannot be obtained. The petition is not signed by petitioners, nor is it sworn to. It is a mere perfunctory petition, signed by petitioners' attorneys, and has no higher merit than would a mere formal declaration in a civil action, and affording no evidence upon a fact to be determined. It exercises no power, force, or influence in making it appear to the mind or conscience of the court that the facts exist which would authorize the removal. The petition, as well as the affidavit, should state the facts upon which the removal is sought, and should be sworn to by at least one of the petitioners, or by some agent or attorney authorized to act for them, other than the person who makes the supporting affidavit.

There is another question presented for consideration. The petitioners are both citizens of Ohio; the complainants are all citizens of Tennessee. The defendants are the petitioners, and George J. Margerum, the Chattanooga Agricultural Works, and the Third National Bank of Chattanooga. All the defendants, except the petitioners, are citizens of Tennessee, the same state of which complainants are citizens. The language of the act of 1887 is:

"When a suit is now pending, or may hereafter be brought, in any state court in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant being such citizen of another state," etc.

The language of the act of 1867, (Rev. St. § 639, subsec. 3,) in describing the suit, is the same; and as to the act of 1867 it has been uniformly held that all the persons on one side must be citizens of the state in which the suit is brought, and all those on the other citizens of some other state. *Young* v. *Parker*, 132 U. S. 267, 10 Sup. Ct. Rep. 75. Granted that the area of removability has been enlarged by the act of 1887, inasmuch as any of the defendants may remove, still the rule under the act of 1867 applies that, when the citizenship on the plaintiff's side of the suit is such as to prevent the removal under that act, it is equally effective to defeat the right under the act of 1887." *Wilder* v. *Iron Co.*, 46 Fed. Rep. 682, decided by Chief Justice FULLER.

But in this case no such difficulty arises, because the complainants are all citizens of one state, and the petitioners of another and different. state, and in this circuit it has been held uninterruptedly that where all the plaintiffs are citizens of one state, and a defendant is a citizen of another and different state, any such defendant may remove without regard to the citizenship of his co-defendants. *Adelbert College* v. *Toledo, W. & W. Ry. Co.*, 47 Fed. Rep. 845. The language of Judge JACKSON in deciding the cause is:

"Under the present act, [1887,] any defendant may effect the removal, provided the requisite diverse citizenship of the plaintiff or plaintiffs exists as under the act of 1867."

This course of decision is sustained in Dillon on Removals, (5th Ed.) 61:

"But in another respect the act of 1887 is much more liberal than its predecessor. For whereas, the law of 1867 required that in cases where there were several defendants all must possess the requisite citizenship, (that is, none of them must be citizens of the same state with the plaintiff,) and all must join in a petition to remove the cause on the ground of local prejudice, now the act of 1887 extends the right to 'any' defendant possessing the requisite citizenship. 'Nor can the right of removal thus given to "any" defendant having the prescribed citizenship, with any respect for the ordinary significance of language, be construed to include "all" the defendants, and so be denied to "any" unless "all" have such citizenship.' It follows, of course, from this, that the non-resident defendant may remove the cause on this ground, irrespective of the action of his co-defendants, and it is not necessary that all should join."

According to these authorities, the petitioners, so far as the question of citizenship is concerned, may rightfully present their petition for removal.

If this application for removal depends upon the proceedings, petition, and bond for removal in the state court, there could be no amendment of these, or any of them, here. They are the record of another court. So far, however, as the petition, bond, and affidavit made to and for this court, to obtain from it an order for the removal of the cause, are concerned, they belong to this court, and are its property, so to speak, and the court, in the exercise of a just and liberal discretion, ought to allow such amendments as may result in a due execution of the law. Clearly, it appears, if the petition states the facts averred in the affidavit, and was sworn to, this cause ought to be removed. This omission may be largely excused, to say the least, by the crude and uncertain condition in which the law of removal is left by the act of 1887. It will be ordered, therefore, that the motion to remand the cause be sustained, unless the petitioners within 10 days amend their petition so as to conform to the opinion of the court as herein expressed. Final action is reserved until the coming in of said amended petition, should it be filed within the time prescribed. The demurrer and motions to dissolve or modify the injunction and attachment will await final action upon the motion to remand.