WILLS v. BALTIMORE & O. R. CO.

(Circuit Court, S. D. Ohio, E. D. January 28, 1895.)

No. 696.

REMOVAL—ERROR OF CLERK OF STATE COURT.
   When a petition for the removal of a cause from a state to a United States court, showing on its face a good case for removal, is filed in due time in the state court, and is marked as filed by the clerk, the jurisdiction of the state court ceases eo instanti; and it is not material that the clerk of such court makes a wrong entry of the filing in the record, or otherwise wrongly disposes of the petition.

This was an action by Henry W. Wills against the Baltimore & Ohio Railroad Company, which was commenced in a court of the state of Ohio. The defendant removed the cause to this court. Plaintiff moves to remand.

John Logan, for plaintiff.
Maynard & Dougherty and J. H. Collins, for defendant.

SAGE, District Judge. The plaintiff commenced an action in the court of common pleas of Fayette county, Ohio, on the 3d of January, 1894. Summons was issued on the 6th day of January, returnable on the 15th. The answer day was the 3d of February. On the 26th of January the defendant entered a special appearance for the purpose of filing a motion to set aside the summons, and on the 27th of January filed its petition for removal to this court, on the ground that the plaintiff is a citizen of the state of Ohio, and the defendant a corporation and citizen of the state of Maryland. The petition shows upon its face a good cause for removal. The case of Stone

v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, is therefore not in point. The jurisdiction of the state court was ousted by the filing of the petition. The transcript, which was filed in time, shows that the petition was filed on the date above stated. There is filed a paper, prepared as an affidavit to be made and signed by the clerk of the state court, which sets forth that the petition for removal was handed to him on the 27th of January, 1894, by the local attorney for the defendant, who directed that it be filed; that the clerk thereupon marked the petition with the filing stamp of the office, and, having no other instruction as to the disposition to be made of it, entered a minute of the filing on the appearance docket of the court of common pleas of Fayette county, but not among the entries in the case sought to be removed, which was numbered 11,011. He indorsed the petition as No. 11,030, and treated it as a separate proceeding, making the entry on the appearance docket under that number. This paper was not signed or sworn to. It is now claimed that this was not a filing in the action. This claim is altogether untenable, even if the court were to recognize the facts set forth in the unsigned affidavit. A party seeking to remove a cause is not answerable for the blunders of the clerk of the state court. When the petition was received by him, and stamped "Filed," if in proper form, showing upon its face a case for removal, the jurisdiction of the state court ceased eo instanti. It is not material what disposition the clerk afterwards makes of the petition. The motion to remand is overruled.