## LA PAGE v. DAY.

(Circuit Court, N. D. New York.  July 3, 1896.)

1. REMOVAL OF CAUSES—EFFECT OF APPLICATION.

When a petition and bond for the removal of a cause from a state to a federal court are presented, before the expiration of the time to answer, to a judge of the state court, who is then holding a term of such court, the cause is thereby immediately removed, though no formal order of removal is made then, nor until after the time to answer has expired.

2. SAME—SESSION OF COURT.

A positive averment, on oath, by the counsel for the removing party, that the judge to whom the papers were presented was then holding a special term of the court, under a rule providing that the special term is always open when the judge is present, is sufficient to show that the court was in session, though the judge, on presentation of the papers, makes an order to show cause which is not in form a court order.

On Motion to Remand.

John P. Kellas, for plaintiff.
W. A. Poucher, for defendant.

COXE, District Judge.  This action is to recover $10,000 for an alleged assault.  The answer is a general denial.  Both parties are citizens of the state of New York and reside in this district. The summons and complaint were served March 30, 1896.  The time to answer expired April 20, 1896.  On the 18th of April, a petition for removal, bond, etc., were presented to a justice of the supreme court of the state, who approved the bond and granted an order to show cause returnable at a special term of the court held May 4th, why the cause should not be removed to the United States circuit court.  On the 20th of April, before the time to answer had expired the petition, bond, etc., were filed with the clerk of Franklin county. The order also stayed all proceedings and extended the defendant's time to answer 20 days.  By an order, dated May 4th, the state court accepted and approved the bond and petition, and ordered the cause removed to this court.

The petition alleges that the defendant is a special inspector of customs, and all of his acts were done by virtue and color of his office.  The removal was evidently based upon the defendant's official character.  Whether this court obtained jurisdiction must be determined by what took place prior to April 20th, the last day to answer permitted by the state law.  The order of May 4th was too late.  This question has been so often decided by the federal courts that it can no longer be considered doubtful.  See Martin's Adm'r v. Railroad Co., 151 U. S. 673, 687, 14 Sup. Ct. 533; Velie v. Indemnity Co., 40 Fed. 545; Mining Co. v. Hunter, 60 Fed. 305; Williams v. Association, 47 Fed. 533, and cases cited.

Notwithstanding an occasional dictum to the contrary it is conceded by the defendant that the petition and bond must have been presented to the court, the mere filing in the clerk's office of Franklin county being insufficient.  The issue, then, is narrowed to the single question:  Was the court in session on the 18th of April?  If

so it would seem that the presentation of the petition and bond and the approval of the latter worked a removal of the cause eo instante. The defendant had made and filed a petition and bond in the state court before his time to answer expired, and that court had accepted the bond. Every requirement of the statute had been fulfilled. 25 Stat. 433, § 3. An order of the state court is not absolutely necessary. Wilson v. Telegraph Co., 34 Fed. 561; Removal Cases, 100 U. S. 457; Railroad Co. v. Koontz, 104 U. S. 14. The moment the proper papers are filed in the state court that court loses jurisdiction and the federal court acquires jurisdiction. What took place in the state court after the removal to this court need not be considered. If the cause were removed prior to April 20th, the proceedings thereafter in the state court were, of course, coram non judice and of no validity whatever.

Was the court in session on the 18th of April? The defendant produces a rule of the court to the effect that special terms are always open for ex parte business at Canton when the justice is present. The lawyer who acted for the defendant swears:

"That on the 18th day of April, 1896, he appeared at a special term of the supreme court held by and at the chambers of Hon. Leslie W. Russell, in said village of Canton, and duly presented the verified petition. * * * That deponent knows of his own knowledge that the honorable justice, Leslie W. Russell, was at the time and place aforesaid holding a special term."

To the same effect are the affidavits of the court stenographer and the defendant. These statements are not contradicted. The plaintiff argues in opposition that the order made on the 18th was not a court order: It certainly was not so in form, but this is insufficient to overcome the positive averments of the defendant that a special term was actually in session at the time. The defendant having made a timely presentation of the removal papers to the state court did all that the statute requires. What that court did or failed to do thereafter is, therefore, wholly immaterial.

I have thus decided the only question which has been argued. It seems to be conceded on all sides that the action is one which might properly have been removed, although the precise nature of the federal question which can arise in an action of assault and battery, the answer being a general denial, has not been pointed out. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654. The motion to remand is denied.