MAYS v. NEWLIN.

(Circuit Court, W. D. Virginia. January 25, 1906.)

1. REMOVAL OF CAUSES—TIME OF TRANSFER OF JURISDICTION.

The jurisdiction of a state court over a cause is not terminated merely by the filing of a sufficient petition and bond for its removal with the clerk, nor until they are presented to the court or judge for acceptance.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 204.]

2. SAME—PRESENTATION OF PETITION AND BOND TO COURT.

An oral motion in a state court for the removal of a cause is a sufficient presentation to the court of the petition and bond for removal, where they are on file with the clerk.

3. SAME—EFFECT OF WITHDRAWAL OF PRESENTATION.

Where a motion for the removal of a cause on a petition and bond on file was overruled by the state court, on the ground that the cause was still at rules and not on the court docket, and defendant acquiesced in such decision by taking no further action for removal until the next term and then again presenting the motion, such action had the effect of a temporary withdrawal of the motion, and the state court retained jurisdiction until it was again presented.

4. ATTACHMENT—VALIDITY OF WRIT—RETURN DAY.

Where the first Monday in a month, which was made by statute the first day of a term of court, fell on the fifth, but the term was not actually opened until the seventh, as permitted by statute, an attachment issued and served on the sixth and returned on the seventh is not invalid because it was in terms made returnable on the "first day" of the term, when no prejudice resulted to defendant.

At Law. On motion to quash attachment.

Caskie & Coleman and Whitehead & Whitehead, for plaintiff.

Beasley & Moon and W. K. Allen, for defendant.

McDOWELL, District Judge. This is an action at law commenced in the corporation court of the city of Lynchburg, and removed to this court, on the ground of the nonresidence of the defendant. Process was issued on April 5, 1905, returnable to the May rules. The defendant, conceded to be a citizen and resident of Pennsylvania, was found and served with process in due time in this state. At the May rules (held April 24, 1905) the declaration was filed, and the defendant filed in the office of the clerk of the corporation court a petition for removal and a' bond, subsequently adjudged to be in good form and accepted. The order of the state court, made on June 10, 1905, reads, in so far as is now material, as follows:

"And now at this day, to wit, at a corporation court for the city of Lynchburg, continued and held at the courthouse thereof on Saturday the 10th day of June, A. D. 1905, being the day and year first herein mentioned. On the first day of the May term, 1905, of this court, the defendant, by counsel, submitted a motion, ore tenus, in open court, for the removal of this cause to the Circuit Court of the United States for the Western District of Virginia, which motion was denied by this court, on the ground that the cause was still at rules and so not matured, therefore not before the court. And no record was made of said motion. On the 7th day of June, 1905 (being the first day of the sitting of this court at its June term, 1905), the defendant, by counsel, submitted the same motion in open court, ore tenus, which motion, not being objected to by counsel for plaintiff, who was then present at the bar of the court, was granted by this court, but later, on the same day and before such order of removal was entered by the clerk, counsel for defendant asked leave to withdraw their said motion for the time being, and such leave was accordingly granted. And thereupon, at a later day of the same term, to wit, on the 9th day of June, 1905, the defendant, by counsel, filed herein his motion in writing for the removal of this cause to the Circuit Court of the United States for the Western District of Virginia. * * * Now therefore, this court doth now hereby accept and approve said bond and accept said petition, and doth order that this cause be removed for trial to the next term of the Circuit Court of the United States for the Western District of Virginia at Lynchburg, pursuant to the statute of the United States, and the clerk of this court is hereby ordered forthwith to transcribe and certify a transcript of the proceedings herein to said court, including the attachment proceedings herein; and it is further ordered that all other proceedings of this court herein be stayed."

The copy of the record was made June 15, 1905, and was filed in this court September 12, 1905. On June 6, 1905, an attachment was sued out by the plaintiff from the office of the clerk of the corporation court, and it was on that date levied on certain real estate belonging to the defendant. The return of the sergeant was also made on June 6, 1905. The June term, 1905, of the corporation court, had the judge been present, would have commenced on Monday, June 5th. It appears from the above quoted order of June 10th that that term of the court was actually commenced on June 7th. Section 3122, Code 1904, reads:

"Though a court be not held on the first day of a term, it may nevertheless be opened on any subsequent day, if, in the case of a circuit or corporation court, the same is done before four o'clock in the afternoon of the third day."

The order of attachment, issued on June 6th, concludes as follows:

"Therefore we command you that you attach the estate of the said H. H. Newlin for the amount of the said $5,000.00; and that you secure such estate so attached in your hands, or so provide that the same may be forthcoming and liable to further proceedings thereupon to be had before our said court on the first day of the June term, 1905, thereof; and that you make return hereof at that time how you have executed the same. And have then there this writ."

After the removal of the cause to this court the defendant moved that the attachment be quashed. This motion was resisted, and the questions involved must now be considered.

It is contended in behalf of the defendant that the attachment is void (1) because issued after the petition for removal and bond had been filed and (2) because the attachment is returnable to a day that had passed prior to the issue of the attachment.

Judicial complaints of the confusion of thought, the inconsistencies, and the wholly unnecessary want of clearness in the "Judiciary Act" (Act March 3, 1875, c. 137, § 1, 18 Stat. 470, 1 U. S. Comp. St. 1901, p. 508; 4 Fed. St. Ann. 265 et seq.) have been unceasing and unavailing. But, until Congress sees fit to act, the courts must continue their efforts to construe this perplexing statute as best they may. Whether or not, in a proper case for removal, the jurisdiction of the state court ceases on the filing in the clerk's office of the state court of a petition for removal and a proper bond, is a question which, so far as I am advised, has never been expressly decided by the Supreme Court, and is one on which there is among the subordinate federal courts much conflict of opinion. There are undoubtedly expressions in the opinions of the Supreme Court indicating that mere filing of the petition and bond, in a proper case for removal, eo instanti, terminates the jurisdiction of the state court. But these expressions are dicta, and in other opinions are found dicta indicating that the petition and bond must be presented to the state court, or a judge thereof (Remington v. Railroad Co., 198 U. S. 95, 99, 25 Sup. Ct. 577, 49 L. Ed. 959), in order to terminate the jurisdiction of such court. See Traction Co. v. Mining Co., 196 U. S. 239, 244, 25 Sup. Ct. 251, 49 L. Ed. 462, and cases there cited. Many of

the irreconcilable decisions of the federal trial courts are cited in 18 Ency. Pl. & Pr. 320, 321. Among those holding that presentation of the petition and bond to the state court, or the judge thereof, is essential may be mentioned: Shedd v. Fuller (C. C.) 36 Fed. 609; Roberts v. Railroad Co. (C. C.) 45 Fed. 433; Hall v. Chattanooga Agricultural Works (C. C.) 48 Fed. 599; Kinne v. Lant (C. C.) 68 Fed. 436, 438; La Page v. Day (C. C.) 74 Fed. 977; Fox v. Railroad Co. (C. C.) 80 Fed. 945. See, also, 4 Fed. St. Ann. 351. In support of the opposite view the following cases are in point: Miller v. Tobin (C. C.) 18 Fed. 609, 613; Brown v. Murray, Nelson & Co. (C. C.) 43 Fed. 614; Noble v. Ass'n (C. C.) 48 Fed. 337; Wills v. Railroad Co. (C. C.) 65 Fed. 532. I have found no decision of the question before us by the Circuit Court of Appeals of the Fourth Circuit. The question is at large and must be determined as may seem most in accord with the intent of the removal statute. The language of the statute clearly imports that the petition and bond shall be presented to the state court. It is not expressly stated that the jurisdiction of that court ceases upon the mere filing of these papers, and, on the other hand, the time when the state court shall "proceed no further in such suit" is after that court has been afforded opportunity to "accept" the petition and bond. Since the rulings (Noble v. Ass'n [C. C.] 48 Fed. 337; Loop v. Winter's Estate [C. C.] 115 Fed. 362; Remington v. Railroad Co., 198 U. S. 95, 99, 25 Sup. Ct. 577, 49 L. Ed. 959; Groton Co. v. American Co. [C. C.] 137 Fed. 284, 289; Johnson v. Computing Co. [C. C.] 139 Fed. 339, 343) to the effect that the petition and bond may be presented to a judge of the state court in vacation, the strongest argument in support of the view that the mere filing of these papers ends the jurisdiction of the state court has lost much of its force. The most satisfactory conclusion that I can reach is that the jurisdiction of the corporation court was not terminated on April 24, 1905, by the mere filing of the petition and bond in the office of the clerk of that court.

The oral motion made by defendant on the first day of the May term of the corporation court was I think a sufficient presentation of the petition and bond to that court. While the order does not recite that these papers were then actually and with formality presented to the court for action, it is a matter of course that the motion to remove was based on these papers, and that they were called to the attention of the court. Such is a sufficient presentation of the removal papers. The reason the corporation court did not then accept the petition and bond is expressly stated to be the fact that the cause was at rules and not on the court docket. If my views are sound, the learned corporation court should have considered the removal papers, and, as the right of removal was shown to exist on the face of these papers, it was the duty of that court to then accept them. Upon the refusal of that court to accept the petition and bond, counsel for defendant had the right to have the record transcribed and forthwith filed in this court. The failure so to do seems to me necessarily an acceptance of the action of the corpora-

143 F.—37

tion court. It was an election to leave undisturbed the jurisdiction of that court until the cause should be placed on the docket and again called to the attention of the court at the June term. Such action was a temporary withdrawal of the motion to remove. Being temporary, it was not an abandonment of the right of removal, but it was a waiver of the right to then bring to an end the jurisdiction of the corporation court. During the interval between the first Monday in May and the sitting of the court in June, the defendant was in position to treat the cause as still pending in the corporation court. If the record had been brought to this court at any time after the ruling of the corporation court at the May term, and before the issue of the attachment, a different question would be presented. But the failure to file the record here was an acquiescence in the view taken by the corporation court, and a temporary withdrawal of the motion to remove.

It is incongruous and anomalous that a statute, which is based on the theory that certain defendants cannot secure justice in the state courts, should require that the removal papers be presented to and accepted by the state court. And it is deplorable that a defendant who seeks a removal should be held to have lost any right because of an exhibition of respect for the state court. But such seems to be the inevitable result. During the interval between May 1st and June 7th the plaintiff had a right to secure a valid attachment. If it be held that the defendant had a right by subsequent action to destroy the jurisdiction of the corporation court as of May 1st, or to leave the case in that court, the only course open to the plaintiff was to sue out an attachment from the state court and to also himself bring the record here and sue out another attachment from this court. If the plaintiff had so acted, he would have subjected himself to the necessity of paying, in the first instance, both sets of costs and the probability of ultimately having to pay either the costs of the attachment from the corporation court or costs of the transcript and the costs of the attachment from this court; and he would also have subjected himself to the possibility of an action for damages because of the levy of an attachment from a court having no jurisdiction. Assuredly the law does not authorize the defendant to thus embarrass and wrong the plaintiff.

The failure of the defendant to file the transcript here prior to the attachment must be treated as a temporary withdrawal of the removal papers from the consideration of the corporation court and an election to leave the jurisdiction of that court undisturbed, until at least the renewal of the motion at the June term.

The motion to remove made on June 7th must therefore be considered, in this case, as the first presentation of the petition and bond. Under the circumstances here the jurisdiction of the corporation court did not come to an end at least until June 7th, after the issue, levy, and return of the attachment. It is of course, unnecessary to express an opinion as to the effect of the withdrawal of the motion to remove on June 7th. It is immaterial whether the jurisdiction of the corporation court ceased on June 7th or June 9th.

The remaining contention may be more briefly disposed of. For some purposes, the "first day" of the June term, 1905, of the corporation court was Monday, June 5th. The attachment was issued on June 6th and was returnable to the first day of the June term. But the judge of that court, exercising the right given by section 3122, Code 1904, did. not commence the term until June 7th. Consequently, in another sense, the first day of the term was June 7th. That the expression was thus used by the clerk in issuing the attachment, and thus understood by the sergeant in executing it, cannot be gainsaid. The objection to the validity of the process is therefore based on the fact that there is some ambiguity as to the return day. I understand that it is conceded that the attachment would be unobjectionable had the return day been in terms June 7th.. If a defendant or a garnishee were liable to lose some right for failure to take action on the return day of an attachment, there would be some merit in the contention of the defendant. But I am not advised of any statute or rule of practice which requires motions to abate, or other objections to, attachments to be made on the return day. I am consequently unable to perceive any merit in the objection. The latent ambiguity as to the return day is made to appear only by reference to the statute directing that the terms of the corporation court be held monthly, beginning on the first Monday of each month. But when it further appears that the June term in fact did not commence until the second day after the first Monday of that month, there remains almost no ground for a serious contention that the writ is void. This conclusion finds some support in Skipwith's Ex'r v. Cunningham, 8 Leigh (Va.) 271, 279, 31 Am. Dec. 642, and Brown v. Hume, 16 Grat. (Va.) 456, and does not seem to me to be weakened by the ruling in Tench v. Gray, 102 Va. 215, 46 S. E. .287.

The motion to quash the attachment must be overruled.